**STATE of Minnesota, Appellant,**

v.

**Herbert Andrew VIERGUTZ, Respondent.**

**No. 50713.**

Supreme Court of Minnesota.

Jan. 4, 1980.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Richard D. Hodsdon, Sp. Asst. Atty. Gen., St. Paul, Thomas G. McCarthy, County Atty., Winthrop, for appellant.

Nilva & Frisch and Thomas J. Laughlin, St. Paul, for respondent.

SHERAN, Chief Justice.

This is a pretrial appeal by the state, pursuant to R. 29.03, subd. 1, R.Crim.P., from an order of the district court dismissing an amended complaint in a felony prosecution. The issue on appeal focuses on the meaning of R. 17.06, subd. 4(3), R.Crim.P.,

re the appropriate procedures a prosecutor must follow in order to file an amended complaint when the original complaint is dismissed for lack of probable cause. The district court held that when a complaint is dismissed for lack of probable cause and the state, not needing to rely on any newly discovered evidence, wants to remedy the matter by filing an amended complaint which contains a showing of probable cause, the state must move within 7 days of the dismissal for permission to file the amended complaint and that, in the absence of such a timely motion, the prosecution must be barred even if the amended complaint was actually filed within the 7-day period after the dismissal of the original complaint. We hold that if the amended complaint in this case was filed within the 7-day period following the dismissal of the original complaint—a factual issue apparently not yet decided by the district court—then the district court erred in dismissing the amended complaint and barring further prosecution of the offense in question.

Rule 17.06, subd. 4, R.Crim.P., reads in relevant part as follows:

(2) *Grounds for Dismissal.* When a motion to dismiss an indictment, complaint or tab charge is granted for a defect in the institution of prosecution or in the indictment, complaint or tab charge, the court shall specify the grounds upon which the motion is granted.

(3) *Dismissal for Curable Defect.* If the dismissal is for failure to file a timely complaint as require by Rule 4.02, subd. 5(3), or for a defect that could be cured or avoided by an amended or new indictment, or complaint, further prosecution for the same offense shall not be barred, and the court shall on motion of the prosecuting attorney, made within seven (7) days after notice of the entry of the order granting the motion to dismiss, order that defendant's bail or the other conditions of his release be continued or modified for a specified reasonable time pending an amended or new indictment or complaint.

In misdemeanor cases, if the defendant is unable to post any bail that might be required under Rule 6.02, subd. 1, then he must be released subject to such non-monetary conditions as the court deems appropriate under that rule. The specified time for such amended or new indictment or complaint shall not exceed sixty (60) days for filing a new indictment or seven (7) days for amending an indictment or complaint or for filing a new complaint. During the seven-day period for making the motion and during the time specified by the order, if such motion is made, dismissal of the indictment or complaint shall be stayed. If the prosecution does not make the motion within the seven-day period or if the indictment or complaint is not amended or if a new indictment or complaint is not filed within the time specified by the order, the defendant shall be discharged and further prosecution for the same offense shall be barred unless the prosecution has appealed as provided by law, or unless the defendant is charged with murder and the court has granted a motion to dismiss on the ground of the insufficiency of the evidence before the grand jury. In misdemeanor cases dismissed for failure to file a timely complaint with the thirty (30) day time limit pursuant to Rule 4.02, subd. 5(3), further prosecution shall not be barred unless additionally a judge or judicial officer of the county court has so ordered.

The relevant comments to the rule read as follows:

In order that the basis of a dismissal for a defect in the institution of the prosecution or in the indictment or complaint may be apparent, Rule 17.06, subd. 4 requires the court to specify the grounds for granting the motion. Under Rule 17.06, subd. 4(3) if the dismissal is for failure to file a timely complaint as required by Rule 4.02, subd. 5(3) for misdemeanor cases or for a defect which could be cured by a new complaint, the prosecutor may within 7 days after notice of entry of the order dismissing the case move to continue the case for the purpose of filing a new complaint. Upon such a

motion the court shall continue the case for no more than 7 days pending the filing of a new complaint, or amending of the complaint or indictment or for 60 days pending the filing of a new indictment.

During the time for such a motion and during any continuance, dismissal of the charge is stayed, but in a misdemeanor case, the defendant may not be kept in custody based on that charge. If the defendant cannot post bail in a misdemeanor case, he must be released subject to such nonmonetary conditions as the court deems appropriate under Rule 6.02, subd. 1. If no motion is made or if no new or amended complaint or indictment is filed within the times allowed, the defendant must be discharged and any further prosecution is barred unless the prosecution has appealed or unless the murder case exception applies. However, in misdemeanor cases dismissed for failure to file a timely complaint within thirty (30) days pursuant to Rule 4.02, subd. 5(3), further prosecution is not automatically barred, but is barred only if so ordered by the court. If a misdemeanor case is dismissed for failure to issue a complaint, but the 30-day time limit established by Rule 4.02, subd. 5(3), has not yet run, the prosecutor may still issue the complaint within that 30-day time limit even without bringing a motion under Rule 17.06, subd. 4(3). The court is not authorized under Rule 17.06, subd. 4(3), to bar further prosecution before the 30-day time limit has run. Before this time limit has run, however, the court may order that further prosecution shall be barred if a valid complaint is not issued within the 30-day time limit. If no complaint is then issued within the 30 days, prosecution is barred without the necessity of further motions, court appearances, or orders. Rule 17.06, subd. 4(3), does not govern dismissals for defects that could not be cured at the time of dismissal by a new or amended complaint or indictment. Therefore, when a complaint or indictment has been dismissed because of insufficient evidence to establish probable cause, the prosecutor may re-prosecute if further evidence is later discovered to establish probable cause. The prosecutor may not reinstitute the charge by a tab charge under Rule 4.02, subd. 5(3) even for a misdemeanor. Also under Rule 4.02, subd. 5(3), even if prosecution is reinstituted within the specified period after having been dismissed for failure to file a timely complaint, a summons rather than a warrant must be issued to secure the appearance of the defendant in court.

■ The district court felt that the rule was ambiguous as to whether a prosecutor could simply file a corrected amended complaint within the 7-day period after the filing of the order dismissing the complaint, and ruled that the ambiguity had to be resolved against the state. The court did not reach the issue—discussed in the briefs—of the meaning of the statement in the second quoted paragraph of the comments that "when a complaint or indictment has been dismissed because of insufficient evidence to establish probable cause, the prosecutor may re-prosecute if further evidence is later discovered to establish probable cause." The state argues that that language, which was added to the comments in 1977, applies here. Defendant contends that it does not apply here but only to the situation in which the reason for the delay in filing the amended complaint is that the prosecutor did not have sufficient evidence before to establish probable cause.

In our opinion the defendant is correct in saying that the language in question in the commentary does not apply to situations such as we have here, where the original complaint was dismissed, not because evidence to establish probable cause was not available to the prosecutor, but because the prosecutor failed to refer to the evidence in the complaint. Here the evidence which the state cited in the amended complaint was available to the prosecutor at the time he filed the original complaint and it was only through inadvertence that the prosecutor did not mention it in the complaint.

However, we disagree with the district court's conclusion that the filing of the amended complaint must be preceded by a filing of a motion for permission to file the complaint. The idea behind the rule is that a defendant who is in custody will normally be kept in custody at least for 7 days following a dismissal of a prosecution against him on the basis of a defect in the complaint which is curable. During this period the prosecutor is to decide whether he wishes to try to correct the defect and file an amended complaint. If the prosecutor cannot decide this or cannot file an amended complaint within the 7-day period but needs more time then the prosecutor must move for a continuance within the 7-day period and the court "shall" order a "reasonable" continuance. The state may file an amended complaint correcting the defect which resulted in the dismissal any time within the 7-day period following the dismissal or any time within the period of the continuance if the prosecutor has obtained a continuance within the 7-day time period. If the prosecutor does not file within the 7-day period or the period of the continuance, if one was granted, then the prosecution is barred unless one of the exceptions mentioned in the comments applies—that is, unless the prosecutor has appealed, unless the murder exception applies or unless the dismissal was for insufficient probable cause then available and sufficient evidence to establish probable cause is later discovered.

In conclusion, we reverse the district court's order and remand for further proceedings. On remand the parties may, of course, raise any undecided factual issues, e. g., the issue of whether the complaint was filed within the 7-day period following the dismissal of the original complaint, an issue which apparently was left undecided by the district court.

Defendant is allowed attorneys fees in the amount of $150.

Reversed and remanded for further proceedings.