STATE of Minnesota, City of
Minneapolis, Respondent,

v.

Kevin Lee McCOLLOR, Appellant.

No. CX–84–1150.

Court of Appeals of Minnesota.

Dec. 18, 1984.

Robert J. Alfton, Minneapolis City Atty., Michael T. Norton, Asst. City Atty., Minneapolis, for respondent.

James H. Leviton, Sp. Asst. Public Defender, Minneapolis, for appellant.

Heard, considered and decided by RANDALL, Presiding Judge, HUSPENI, Judge, and FORSBERG, Judge.

## OPINION

FORSBERG, Judge.

The defendant appeals from a judgment of conviction and an order of the trial court denying his motion to dismiss. We affirm.

## FACTS

The appellant was arrested on June 16, 1983 and charged with driving while under the influence of an intoxicating beverage, possession of marijuana in a motor vehicle and possession of drug paraphernalia. At his first court appearance the appellant's attorney requested that a complaint be made and filed within 30 days, pursuant to Rule 4.02, Minn.R.Crim.P. When no complaint was issued within the 30 days, the appellant's attorney notified the court, and the charges against the appellant were dismissed.

Three days later, the respondent City of Minneapolis made an ex parte motion to the court requesting that the dismissal be stayed pending the issuance of a new or amended complaint. The respondent's motion was granted and the court ordered that the appellant be notified of any new or amended complaint by means of a summons.

The respondent thereupon issued an amended complaint, charging the appellant with driving while under the influence, possession of marijuana in a motor vehicle, careless driving and improper lane usage. The amended complaint was filed on July 29, 1983 and a summons was mailed to the appellant, instructing him to appear in court on August 23, 1983. However, the summons was mailed to the appellant's previous address (which was contained in the arrest report and in Department of Public Safety records), rather than to his current address (which he had provided to the court), and the summons was returned as undeliverable on August 12, 1983. When the appellant did not appear in court on August 23, a warrant was issued for his arrest.

In March 1984 the appellant was stopped for an alleged speeding violation, and was arrested pursuant to the above-mentioned warrant. On June 18, 1984 the appellant's attorney moved to quash the warrant and to dismiss the charges against the appellant, claiming that the prosecution had improperly failed to notify the appellant or his attorney of the motion to issue an amended complaint and had failed to mail the complaint to the appellant's correct address. The court granted the appellant's motion to quash the warrant, but denied his motion to dismiss the charges.

Following a trial, the appellant was found guilty of careless driving. The court sentenced him to four days in jail and payment of a $100.00 fine, but gave him credit for jail time which he had served when he was arrested, and for automobile towing fees which he had paid. This appeal followed.

## ISSUES

1. Once criminal misdemeanor charges against a defendant have been dismissed for failure to file a timely complaint, may a new or amended complaint be issued by the prosecution without bringing a formal motion?

2. Were the appellant's due process rights violated where he never received an amended summons and complaint and where he was subsequently arrested upon a warrant issued pursuant to the unanswered summons?

## ANALYSIS

### I.

■ Rule 4.02, subd. 5(3) of the Minnesota Rules of Criminal Procedure provides in part:

If there is no complaint made and filed by the time of the defendant's first appearance in court * * * if requested by the person charged or his attorney, a complaint shall be made and filed. Such complaint shall be made and filed within * * * thirty (30) days of such demand if the defendant is not in custody. If no valid complaint has been made and filed within the time required by this rule, the defendant shall be discharged, the proposed complaint, if any, and any supporting papers shall not be filed, and no record shall be made of the proceedings * * *

Rule 17.06, subd. 4(3) provides for the issuance of a new or amended complaint, following dismissal under the above rule:

If the dismissal is for failure to file a timely complaint as required by Rule 4.02, subd. 5(3) * * * further prosecution for the same offense shall not be barred, and the court shall on motion of the prosecuting attorney, made within seven (7) days after notice of the entry of the order granting the motion to dismiss, order that defendant's bail or the other conditions of his release be continued or modified for a specified reasonable time pending an amended or new indictment or complaint. * * *

\* \* \* The specified time for such amended or new indictment or complaint shall not exceed sixty (60) days for filing a new indictment or seven (7) days for amending an indictment or complaint or for filing a new complaint. During the seven-day period for making the motion and during the time specified by the order, if such motion is made, dismissal of the indictment or complaint shall be stayed. If the prosecution does not make the motion within the seven-day period or if the indictment or complaint is not amended or if a new indictment or complaint is not filed within the time specified by the order, the defendant shall be discharged \* \* \*

The appellant argues that the above language requires the prosecution to make a motion in writing to file a new or amended complaint; however the rule clearly refers only to a motion to continue or modify the conditions of bail or release. There is no mention of a motion to issue a new or amended complaint. Rather, the rule specifically allows a seven day period (or longer, if a motion is made to continue bail or conditions of release and an order is issued which provides for a reasonable time to issue a new or amended complaint) in which the prosecution is allowed to file a new or amended complaint. *See State v. Viergutz,* 288 N.W.2d 693, 697 (Minn.1980).

## II.

The appellant also argues that he was denied due process of law when the amended summons and complaint were mailed to his previous address, rather than to the address which he had provided the court. The relevant rule states:

The summons shall be served on an individual defendant by delivering a copy to him personally or \* \* \* by mailing it to the defendant's *last known* address.

Minn.R.Crim.P. 3.03, subd. 3 (emphasis supplied).

We find that appellant's constitutional rights were not violated. A summons was mailed to the address which the appellant had provided to the arresting officer and which appeared on his driver's license. When he failed to appear, a warrant was issued. As the trial court found, the reasonable remedy in this instance was to quash the warrant. It is unfortunate that the appellant had no knowledge of the outstanding warrant; nonetheless, there is no requirement in our law that a defendant be notified that a warrant is out for his arrest.[1] Although perhaps the official court record should have been checked, the appellant appears to be equally at fault by his failure to change the address on his driver's license. Minn.Stat. § 171.11 (1982) requires a person to notify the Department of Public Safety within 30 days of a change of address, and the appellant did not do so until at least six months after his arrest. As the trial court found, dismissal of the complaint in this instance would in effect allow the appellant to benefit by his failure to comply with Minn.Stat. § 171.11.

The appellant cites several United States Supreme Court decisions as authority for his contention that he was denied due process of law. Those decisions are civil in nature and are inapplicable in the present criminal proceeding, where there could have been no adjudication of the appellant's rights without his actual presence in court.

### DECISION

The trial court properly refused to dismiss the charges against the appellant.

Affirmed.

---

**1.** Compare this situation for instance, with *State v. Green,* 351 N.W.2d 42 (Minn.Ct.App.1984), where a notice of suspension was mailed to the defendant at an incorrect address, resulting in his conviction of driving after suspension. In *Green* our court found that actual receipt of the notice of suspension would be required in order that willful violation of the driving-after-suspension statute be demonstrated.