**CITY OF CHANHASSEN, et al., Appellants,**

v.

**COUNTY OF CARVER, Richard J. Stoltz as Carver County Auditor, Respondent,**

**Minnesota Department of Revenue, and Arthur Roemer as Commissioner of Revenue, Respondent.**

**No. C6–85–328.**

Court of Appeals of Minnesota.

June 11, 1985.

Thomas M. Scott, So. St. Paul, for appellants.

Marcia Rowland, Carver County Atty., Jean A. Shively, Asst. Carver County Atty., Chaska, for County of Carver et al.

Hubert H. Humphrey, III, Atty. Gen., Amy Eistenstadt, Asst. Atty. Gen., St. Paul, for Minn. Dept. of Revenue.

## OPINION

POPOVICH, Chief Judge.

The City of Chanhassen appeals from a judgment that Carver County can levy taxes upon property in the city to recover costs expended in making assessments. Chanhassen contends: (1) the county is precluded from levying 1984 assessment costs because the county's certification of costs was untimely; (2) the 1983 assessment costs may not be added to the 1985 levy; (3) the county cannot recover the actual costs of the assessments; and (4) a tax levy imposed to recover costs for assessments must not be included within its levy limitation. We affirm.

### FACTS

Carver County has provided assessment services for the City of Chanhassen since 1971. The valuation of real property in Chanhassen is used by the county, the city, the school district, and other public bodies authorized to collect revenue by taxation of real property.

Initially, Carver County provided the services under a contract with the city. The charge to Chanhassen was minimal.

In August 1981, Carver County notified Chanhassen it was terminating the assessment service effective December 31, 1981. When Chanhassen failed to appoint an assessor for the 1982 assessment year by February 16, 1982, the Carver County auditor, pursuant to Minn.Stat. § 273.05, mailed a letter of appointment to Chanhassen appointing the Carver County assessor as Chanhassen's assessor. The letter provided Chanhassen would pay the Carver County Treasurer for the services at the rate of $4 per parcel.

The Carver County assessor provided the services for the assessment years 1982, 1983 and 1984. On October 8, 1982, the county billed Chanhassen $12,020 for its 1982 assessment services. On September 30, 1983, the county billed Chanhassen $16,599 for the 1983 services and again billed $12,020 for the 1982 services.

When Chanhassen failed to pay the second billing, Carver County initiated a suit

to collect for the assessment services. On September 26, 1984, the trial court held that the City of Chanhassen was not obligated to reimburse the county and indicated that the county must collect its costs by tax levy pursuant to Minn.Stat. § 270.-52. This statute provides for an initial certification of costs and then a property tax levy if the district which was actually assessed does not reimburse the county. The trial court held that any levy for 1982 was barred by the statute of limitations. Neither party appealed.

On October 1, 1984, the Carver County Auditor delivered a letter to Chanhassen certifying that the assessment costs were $31,768.60 for 1983 and $32,433.52 for 1984. The parties agree the costs represent a reasonable approximation of the actual cost of the assessments. The letter notified Chanhassen that if the bill was not paid as of October 10, 1984, the costs would be levied upon the taxable property of the city.

On the same day, the Chanhassen City Council adopted a budget for Chanhassen which did not provide for the assessment costs. It did not request an extension of the October 10 deadline.

Chanhassen brought this action against Carver County seeking declaratory and injunctive relief. It seeks a judgment that the Carver County Auditor has no authority to levy a tax for the costs of the assessment years 1983 and 1984.

The matter was submitted on stipulated facts. The trial court held the county could recover 1984 assessment costs under Minn. Stat. § 270.52. It further held because the county erred by not including the 1983 assessment costs in a 1984 levy, the costs could be allowed as a special assessment pursuant to Minn.Stat. §§ 275.075 and 275.-50, subd. 5(j). The trial court reduced the cost allowed to $25,856.00, the statutory levy limit.

## ISSUES

1. Is the county auditor precluded from levying the 1984 assessment cost certified on October 1, 1984?

2. Can the 1983 costs be added to the 1985 levy?

3. Can the county levy the actual cost of the assessment?

4. Is a tax levy imposed to recover costs for assessments included within an assessment district's levy limitation?

## ANALYSIS

■ 1. Chanhassen contends Carver County is precluded from levying the 1984 assessment costs because the auditor certified the costs on October 1, 1984 rather than September 1 as provided in Minn.Stat. § 270.52 (1984).

> The cost of making any assessment provided in sections 270.41 to 270.53 shall be charged to the assessment district involved. The county auditor shall certify the costs incurred to the appropriate governing body not later than September 1 of each year, and if unpaid as of October 10, the county auditor shall levy a tax upon the taxable property of such taxing district sufficient to pay such costs.

*Id.* Chanhassen cites Minn.Stat. § 645.44, subd. 16 (1984) claiming the term "shall" is mandatory and that a failure to certify costs as of September 1 renders all subsequent provisions void.

■ Section 645.44, subd. 16 is only a rule of construction and is not binding on the courts. *See Szczech v. Commissioner of Public Safety*, 343 N.W.2d 305, 307 (Minn.Ct.App.1984). Moreover, there is a:

> well-established rule of statutory construction that statutory provisions defining the time and mode in which public officers shall discharge their duties, and which are obviously designed merely to secure order, uniformity, system and dispatch in public business are generally deemed directory.

*Id.* (quoting *Wenger v. Wenger*, 200 Minn. 436, 438, 274 N.W. 517, 518 (1937)). Further, a statute which does not declare the

consequences of a failure to comply may be construed as directory. *Sullivan v. Credit River Township*, 299 Minn. 170, 176–77, 217 N.W.2d 502, 507 (1974). The provision requiring the county auditor to certify costs not later than September 1 was obviously designed to secure uniformity and dispatch in the public business. There are no statutorily defined consequences for a failure to comply. Therefore, we hold the requirement to certify costs by September 1 is directory and not mandatory.

■ Chanhassen argues that even if the language of Minn.Stat. § 270.52 is directory, it was prejudiced by the auditor's failure to certify costs until October 1 when its budgetary process was nearly completed. We do not agree. Since the county had initiated a suit against Chanhassen to collect payments for assessments, Chanhassen was well aware the county was seeking reimbursement and could have made plans accordingly.

■ A violation of a directory statute does not invalidate the action taken. *Sullivan*, 299 Minn. at 176–77, 217 N.W.2d at 507. The county auditor's one month delay does not preclude the county from levying a tax upon Chanhassen's taxable property.

■ 2. Chanhassen contends the county cannot include the 1983 costs in the 1985 levy. Minn.Stat. § 275.075 (1984) provides:

> Whenever the amount of taxes as levied and certified by the tax levying body of any county * * * has not been, as the result of error * * * by the county auditor extended and spread in conformity therewith, such tax levying body may include in its tax levy for the year following, the whole or any part of the amount so omitted through error * * *, in addition to its current levy and in addition to and not withstanding any limitations to the contrary.

*Id.* The county auditor is required to levy a tax upon the taxable property of a taxing district sufficient to pay assessment costs if the taxing district does not reimburse the county for these costs. *See* Minn.Stat. § 270.52 (1984). Since the county auditor

levies a tax, we hold he is a taxing body for the purposes of Minn.Stat. § 275.075.

■ The auditor in this case erred by trying to collect the assessment costs through a billing procedure and subsequent suit. Since he omitted the 1983 costs from the 1984 levy by error, he is permitted to add the costs to the 1985 levy under Minn. Stat. § 275.075.

3. Chanhassen contends the county cannot impose the actual cost of the assessment upon Chanhassen property owners because other property owners in the county pay only part of the cost. The county auditor must certify the "costs incurred." Minn.Stat. § 270.52 (1984). If these costs are not paid, the statute requires the auditor to levy a tax "sufficient to pay such costs." *Id.* The auditor has no discretion, must certify the actual costs incurred, and must levy a tax sufficient to pay the actual costs. *Id.*

■ Other municipalities in the area have negotiated contracts with the county for the provision of assessment services. They pay a contract price. Chanhassen chose not to negotiate a contract with the county and not to pay the county's initial bill which was based upon the rates used in the contracts. By its own choosing, Chanhassen is now subject to Minn.Stat. § 270.-52 and a levy for actual costs incurred.

■ 4. Chanhassen also makes a constitutional argument that the assessment taxes are not uniform. This issue was not considered by the trial court. We will not rule on the constitutionality of statutes when the issue was not considered or ruled upon by the trial court. *State v. Kager*, 357 N.W.2d 369, 370 (Minn.Ct.App.1984).

■ 5. Chanhassen contends a tax levy imposed by the auditor must not be included within its levy limitation because it has no control over assessment costs. The trial court concluded that a levy made pursuant to Minn.Stat. § 270.52 is to be included within Chanhassen's statutory levy limitation. We agree.

Levy limitations apply:

to the levies by governmental subdivisions for all purposes other than those for which special levies and special assessments are made.

Minn.Stat. § 275.51, subd. 1 (1984). Chanhassen chose not to provide its own assessment services or pay the county directly for assessment services. Nonetheless, the ultimate responsibility for assessment costs still rests with the Chanhassen district. *See* Minn.Stat. § 270.52 (1984). If Chanhassen had paid these costs directly, the revenues used would have been subject to levy limitations. Chanhassen cannot avoid the limitation by forcing the county auditor to levy a tax to pay for assessment costs except as provided in Minn.Stat. § 275.075.

## DECISION

The requirement that costs be certified by September 1 is directory and not mandatory. Since the county auditor omitted the 1983 assessment costs from the 1984 levy by error, the auditor may add the costs to the 1985 levy. The county must levy the costs actually incurred when making the assessments. The levy imposed to recover costs for assessments is included within Chanhassen's levy limitation.

Affirmed.