**STATE of Minnesota, Appellant,**

v.

**Steve HAUGEN, Respondent.**

**No. C2–85–1962.**

Court of Appeals of Minnesota.

Feb. 25, 1986.

---

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Dennis J. Helseth, Elbow Lake, for appellant.

Elizabeth J. Hinds, Morris, for respondent.

Heard, considered and decided by HUSPENI, P.J., and FOLEY and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

This is a pretrial appeal by the State of an order dismissing a misdemeanor reckless driving charge against respondent Steve Haugen. We affirm.

## FACTS

Steve Haugen was issued a traffic citation on April 19, 1985 for careless driving. At his first appearance on April 25, 1985 he requested a complaint. The city attorney prosecuting Haugen did not appear but was notified on April 26 and again on May 15 to file a complaint. Haugen was apparently told that arraignment would be scheduled after the complaint was filed.

More than 30 days later, on May 31, 1985, the city attorney filed a complaint charging reckless driving, apparently under a different docket number. Haugen was summoned to appear at the courthouse on June 6, 1985.

On June 6 Haugen appeared *pro se* on several other charges (DWI, open bottle violation, illegal consumption) and pleaded guilty to those three charges. Haugen brought up the careless driving charge incident and told the court he had bald tires which caused them to slide and squeal. The trial court stated that the case was two months old and that a complaint had not been provided and gave Haugen "the benefit of the doubt" and dismissed the charge because of failure of prosecution. Court records show the trial court indicated to the clerk that as far as it was concerned, the reckless driving and careless driving charges were one and the same, although some confusion apparently existed because of different docket numbers.

Over three months later, on September 16, the city attorney wrote the court administrator that he had an open file on a reckless driving charge involving Haugen. He continued:

I am advised that without my consent nor without the consent of the arresting officer nor the Elbow Lake police department this charge was dismissed. It is my understanding that a long form complaint was filed and signed in May and a dismissal took place in June. Please verify this information for me and also the status of the matter.

At some point the city attorney was advised of the dismissal and on October 1

issued a new complaint charging reckless driving. Haugen was summoned to appear on October 8 to answer the complaint. Haugen's attorney phoned the city attorney and informed him of the scheduled hearing and indicated that the trial court wanted the matter resolved or else the parties could show up and argue why the case should be dismissed. The city attorney informed defense counsel that he never attends first appearances and had no intention of appearing.

At the October 8 hearing the city attorney did not appear and defense counsel moved to dismiss based on untimely prosecution. The trial court granted the motion on the grounds the complaint was not filed within 30 days as required by the rules and that the new complaint, which was filed on October 1, was untimely under the rules. The trial court barred further prosecution of this action and the city attorney appealed.

### ISSUE

Did the trial court err in dismissing the complaint?

### ANALYSIS

1. The city attorney initially contends the trial court did not actually dismiss the May 31, 1985 complaint on June 6 because the complaint charged reckless driving and the trial court stated on the record that there was no complaint filed. There is no doubt the trial court considered the careless driving and reckless driving charge as the same and intended to dismiss the reckless driving charge when it accepted Haugen's pleas to the alcohol related offenses on June 6.

 2. We need not discuss whether the trial court erred in dismissing the complaint on June 6 because the issue before us concerns the October 8 dismissal, barring further prosecution. The prosecutor has seven days from notice of entry of the order of dismissal to file a new or amended complaint. *State v. McColler*, 359 N.W.2d

641, 642–43 (Minn.App.1984); Minn.R. Crim.P. 17.06, subd. 4. It is not clear when the city attorney received notice of the June 6 dismissal, but the trial court found in its October 8 order that the new October 1 complaint was untimely, which would mean the city attorney had notice before September 23, 1985. There is nothing in the record which refutes this finding. The dismissal was thus proper.

Further, Minn.R.Crim.P. 30.02 allows the trial court to dismiss a complaint if there is unnecessary delay by the prosecution in bringing a defendant to trial. On October 8 the trial court was well aware that this case was almost six months old through no fault of the defendant. Dismissal of the charges was not error.

 3. The city attorney also argues he had no notice that the trial court was going to consider a motion to dismiss on October 8 and that written notice pursuant to Minn. R.Crim.P. 10.04, subd. 1 was required. The city attorney does not contest the fact that he was orally informed of the hearing and knew that argument was to be made regarding possible dismissal. It may be, as suggested by the city attorney, that it is uncommon for the prosecutor to receive notice or to appear at a defendant's first appearance in county court. Nevertheless, in this case the city attorney had actual notice and chose not to appear and argue. Under these circumstances the lack of a formal motion is excused.

### DECISION

The trial court's order dismissing reckless driving charges against the defendant is affirmed.

Affirmed.