**STATE of Minnesota, Respondent,**

v.

**Kenneth William THOMAS, Appellant.**

**No. C7–90–1129.**

Court of Appeals of Minnesota.

March 12, 1991.

Hubert H. Humphrey, III, Atty. Gen., James B. Early, Sp. Asst. Atty. Gen., St. Paul, Conrad I. Freeberg, Morrison County Atty., Little Falls, for respondent.

Gregory K. Larson, Larson Law Office, Little Falls, for appellant.

Considered and decided by DAVIES, P.J., and RANDALL and KLAPHAKE, JJ.

## OPINION

KLAPHAKE, Judge.

A jury found appellant Kenneth Thomas guilty of the gross misdemeanor of driving with an alcohol concentration of .10 in violation of Minn.Stat. § 169.121, subd. 1(e) (1988). The trial court did not enter, until five weeks posttrial, any findings on a charge of driving after revocation, Minn. Stat. § 171.24 (1988), which had been tried to the court. The court sentenced appellant to a 130–day jail term in Morrison County. We affirm the alcohol conviction and sentence and remand for specific findings on the driving after revocation charge.

## FACTS

On September 30, 1989, state troopers Knute Hegna and Eugene Okerlund stopped appellant while he was driving near Motley, Minnesota. Based on his driving and performance of field sobriety tests, the troopers arrested appellant. Blood samples tested about four days after they were taken from appellant showed a blood alcohol concentration of .15.

Appellant was charged with driving while under the influence of alcohol, driving with an alcohol concentration of .10 or more, driving with an open bottle of alcohol, possessing marijuana in a motor vehicle, and driving after revocation, in viola-

tion of Minn.Stat. §§ 169.121, subds. 1(a), 1(e), and 3(a), 169.122, subd. 2, 152.027, and 171.24 (1988). Appellant waived a jury trial on the driving after revocation charge, but he requested a jury trial on the other charges. Appellant stipulated to his prior driving record, which showed that his license was revoked on November 7, 1988 and his driving privileges had not been reinstated.

The jury found appellant guilty of driving with an alcohol concentration of .10 or more and not guilty of the other charges. Five weeks posttrial, appellant moved to dismiss the driving after revocation charge because the court had not made a finding within seven days as required by Minn.R. Crim.P. 26.01, subd. 2. The trial court then entered an order finding appellant guilty of driving after revocation.

On the driving after revocation offense, the court sentenced appellant to 90 days in jail and a $700 fine, staying 80 days and $300. On the alcohol offense, the court sentenced appellant to 365 days and a $3,000 fine, staying 245 days and $2,000, the executed term to run consecutively with the other sentence. The court allowed appellant to arrange to serve the time in his county of residence, but ordered him to pay additional expenses to do so.

## ISSUES

1. Does the trial court's failure to make a general finding within seven days of trial as required by Minn.R.Crim.P. 26.01 compel dismissal of a charge against appellant?

2. Does the trial court's failure to make specific findings required by Minn.R. Crim.P. 26.01 compel dismissal of a charge against appellant?

3. Is the evidence sufficient to support the conviction?

4. May appellant raise the issue of whether his sentence is unconstitutional for the first time on appeal?

## ANALYSIS

1. Minn.R.Crim.P. 26.01, subd. 2, provides:

In a case tried without a jury, the court, within 7 days after the completion of the trial, shall make a general finding of guilty [or] not guilty * * *. The court * * * shall in addition specifically find the essential facts in writing on the record. In misdemeanor and petty misdemeanor cases, such findings shall be made within 7 days after the filing of the notice of appeal.

In this case the trial court did not make a general finding on the charge of driving after revocation until five weeks posttrial, and the court never specifically found the essential facts supporting the conviction in writing on the record. Along with the other rules of criminal procedure, this rule is "intended to provide for the just, speedy determination of criminal proceedings." Minn.R.Crim.P. 1.02.

■ Our interpretation of rule 26.01 is guided by the principle that

provisions defining the time and mode in which public officials shall discharge their duties, and which are obviously designed merely to secure order, uniformity, system and dispatch in public business are generally deemed directory.

*Wenger v. Wenger*, 200 Minn. 436, 438, 274 N.W. 517, 518 (1937), *quoted in Szczech v. Commissioner of Public Safety*, 343 N.W.2d 305, 307 (Minn.App.1984). Where the provision limiting time to act does not specify any sanction for its violation, as with rule 26.01, subd. 2, "failure to act within the time specified does not deprive the court of the power to act afterward and render a valid decision." *Wenger*, 200 Minn. at 440, 274 N.W. at 519. While we conclude that the requirement of a general finding within seven days of trial is directory, not mandatory, "courts should make every effort to comply with directory time periods." *Heller v. Wolner*, 269 N.W.2d 31, 33 (Minn.1978).

■ Furthermore, we will not reverse a conviction for a technical error unless the accused has been "prejudiced through the impairment of substantial rights essential to a fair trial." *State v. Billington*, 241 Minn. 418, 427, 63 N.W.2d 387, 393 (1954) (footnote omitted). Since appellant has not

demonstrated that he was prejudiced by the court's failure to make a general finding within seven days of trial, we will not reverse the conviction. *See City of Chanhassen v. County of Carver,* 369 N.W.2d 297, 300 (Minn.App.1985) (violation of a directory statute not grounds for reversal where the appellant was not prejudiced).

■ 2. The trial court also failed to make the specific findings required by rule 26.01. Following *State v. Taylor,* 427 N.W.2d 1, 5 (Minn.App.1988) *pet. for rev. denied* (Minn. Sept. 28, 1988), we remand for specific written findings on the charge of driving after revocation.

■ 3. On a claim of insufficient evidence, we will reverse a verdict only if, viewing the evidence most favorably to the state, the jury could not reasonably have found the defendant guilty. *State v. Merrill,* 274 N.W.2d 99, 111 (Minn.1978). Appellant argues that the evidence is not sufficient to support the conviction because (1) there was no evidence that he drove in Motley, or that Motley was in Morrison County; (2) the jury showed confusion in a question sent to the judge and by rendering inconsistent verdicts; and (3) the blood test was unreliable.

■ Appellant testified that he had some drinks at a bar in Motley on the night of the offense and that the troopers stopped him only a few minutes after he drove away from the bar. Trooper Okerlund testified that Motley is in Morrison County. On cross-examination appellant admitted that he was driving in Morrison County before the stop. Appellant presented no contrary evidence. This evidence is sufficient to prove the location of the offense.

■ The alleged inconsistency of the verdicts does not affect the sufficiency of the evidence to convict appellant.

[A] defendant who is found guilty on one count of a two count indictment or complaint is not entitled to a new trial or dismissal simply because the jury found him not guilty of the other count, even if the guilty and not guilty verdicts may be said to be logically inconsistent.

*State v. Juelfs,* 270 N.W.2d 873, 873–74 (Minn.1978) (citation omitted). Here, the jury's rendering inconsistent verdicts could show the jury exercised leniency. *See Nelson v. State,* 407 N.W.2d 729, 731 (Minn. App.1987) *pet. for rev. denied* (Minn. Aug. 12, 1987). On review "[t]he focus is * * * upon whether there is sufficient evidence to sustain the guilty verdict." *Id.*

■ Appellant claims a jury question sent to the judge showed the jury was confused. The record, however, does not show that the jury sent the judge any question during deliberations. In addition, a jury question alone does not show the jury failed to perform its legal duty or that any juror joined the verdict despite reasonable doubt. *See State v. Lindberg,* 408 N.W.2d 589, 593 (Minn.App.1987).

■ Appellant also claims the blood test results were unreliable. He concedes, however, that the trial court properly admitted the results into evidence under Minn.Stat. § 634.15 (1988). Appellant presented evidence challenging the reliability of the test. However, even where a defendant offers evidence contradictory to the state's evidence, "the weight and credibility of disputed evidence are for the jury." *State v. Boyum,* 293 Minn. 482, 482, 197 N.W.2d 218, 219 (1972); *see State v. Palmer,* 391 N.W.2d 857, 860 (Minn.App. 1986) (relying on blood tests performed with expired test kit and on sample drawn ten months before test). On the evidence presented, the jury could reasonably find appellant guilty of driving with an alcohol concentration of .10 or more.

■ 4. Appellant challenges the constitutionality of the sentence, which commits him to the Morrison County jail rather than the jail in his county of residence. Appellant did not raise this issue at trial. "Generally, issues not raised in the trial court, even constitutional ones, will not be addressed on appeal." *State v. Gullekson,* 383 N.W.2d 338, 340–41 (Minn.App. 1986) *pet. for rev. denied* (Minn. May 16, 1986) (citation omitted). However, Minn.R. Crim.P. 31.02 provides that this court may consider plain errors although they were not raised at trial. Here, the alleged con-

stitutional error does not constitute plain error because there is no constitutional guarantee "that the convicted prisoner will be placed in any particular prison." *Meachum v. Fano,* 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). Because this issue was not raised at trial and does not involve plain error, we decline to address it on appeal.

## DECISION

Appellant's conviction and sentence for driving with an alcohol concentration of .10 or more is affirmed. The driving after revocation charge is remanded for a finding of specific facts as required by Minn.R. Crim.P. 26.01, subd. 2.

Affirmed in part, remanded in part.