STATE of Minnesota, Respondent,

v.

**Gary G. BACKUS, Appellant.**

**No. C9–93–448.**

Court of Appeals of Minnesota.

July 20, 1993.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, John R. Carlson, Pine County Atty., Pine City, for respondent.

John M. Stuart, Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by CRIPPEN, P.J., and KALITOWSKI and SCHULTZ,* JJ.

## OPINION

CRIPPEN, Judge.

This appeal is from a sentence for first-degree criminal sexual conduct. Minn.Stat. § 609.342, subds. 1(g), 3 (1990). We reverse and remand for resentencing.

## FACTS

Appellant Gary Backus was charged with two counts of first-degree criminal sexual conduct and two counts of second-degree criminal sexual conduct.

Appellant agreed to plead guilty to one count of first-degree criminal sexual conduct. The prosecutor outlined the plea agreement, which provided that appellant would plead guilty to one count, the others would be dismissed, and the prosecutor would recommend a stay of execution if appellant was found amenable to treatment and was accepted into a treatment program. Appellant submitted a petition to plead guilty that provided he would receive a stay of execution if found amenable to treatment, with all other terms of the sentence left to the court's discretion.

Appellant admitted the allegations charged in the single count. The court accepted the factual basis, but explained to appellant that it was not accepting the terms of the plea agreement at that time. The court warned Backus that he had to cooperate with the presentence investigation. The court noted that it was going to require appellant to undergo a plethysmography, a test for pedophilia.

Two evaluations were conducted as part of the investigation. At sentencing, the court explained that the evaluation reports had been submitted only to the court. Both the prosecutor and defense counsel objected to their lack of access to the reports. The court expressed concern that if it disclosed the reports, the media could obtain sensitive facts concerning the victim.

The court, explaining that it had chosen to accept the victim's version of the offense, rather than appellant's account minimizing it, sentenced appellant to an executed term of 86 months, the presumptive duration. The court imposed as a mandatory minimum, a fine of $8000.

## ISSUES

1. Did the trial court err in refusing counsel access to the confidential portion of the presentence investigation report?

2. Did the court err in calculating the mandatory minimum fine?

## ANALYSIS

1.

Appellant argues and the state agrees that the trial court erred in denying counsel access to vital information.

Minn.Stat. § 609.115, subd. 4 (1992) provides:

> [**Availability to counsel.**] Any report made pursuant to subdivision 1 shall be, if written, provided to counsel for all parties before sentence. The written report shall not disclose confidential sources of information unless the court otherwise directs. On the request of the prosecuting attorney or the defendant's attorney a summary hearing in chambers shall be held on any matter brought in issue, but confidential sources of information shall not be disclosed unless the court otherwise directs.

The trial court's action was not justified as a means to uphold the rule provision on protecting confidential sources of information. One evaluator was named in a court order, and the other would have been known to appellant when he attended the evaluation session.

The Minnesota Government Data Practices Act classifies as "private":

> Court services data on individuals gathered at the request of a municipal, district or county court to determine the need for any treatment, rehabilitation, counseling, or any other need of a defendant, parolee, probationer, or participant in a diversion program, and used by the court to assist in assigning an appropriate sentence or other disposition in a case.

Minn.Stat. § 13.84, subd. 2(a) (1992). This data, which includes presentence investigations (both the primary report and the so-called confidential part of the report), is to be disclosed under limited circumstances. Minn.Stat. § 13.84, subd. 5 (1992). However, "private data on individuals" is accessible to the subject of the data. Minn.Stat. § 13.02, subd. 12 (1992). Appellant is the subject of the presentence report. The prosecutor is also entitled to have access to this data. Minn.Stat. § 609.115, subd. 4. *See also* Minn.Stat. § 13.84, subd. 5(b) (court services data may be disclosed pursuant to statute specifically authorizing the disclosure).

This court has held that the denial of access to a probation report requires reversal of a conviction where the defendant could have been discharged if the report were favorable. *State v. Ender*, 467 N.W.2d 39, 41–42 (Minn.App.1991) (involving a discharge-and-dismissal proceeding under Minn.Stat. § 152.18). We held that the defendant was impermissibly denied an opportunity to rebut the allegations on which the court relied in deciding not to dismiss the charges. *Id.* at 41.

As proposed by appellant and agreed by the state, the case is remanded for resentencing, after counsel have been provided access to the complete presentence report.

The state raises an additional issue concerning the victim's access to the confidential portion of the report. The probation officer performing the presentence investigation is to make a "reasonable and good faith" effort to contact the victim and provide the following information:

(i) the charge * * * to which the defendant has been convicted or pleaded guilty, * * * and of any plea agreement between the prosecution and the defense counsel; (ii) the victim's right to request restitution pursuant to section 611A.04; (iii) the time and place of the sentencing * * * and the victim's right to be present; and (iv) the victim's right to object in writing to the court, prior to the time of sentencing * * * to the proposed sentence * * * or to the terms of the proposed plea agreement. To assist the vic-

tim in making a recommendation under clause (iv), the officer shall provide the victim with information about the court's options for sentencing and other dispositions.

Minn.Stat. § 611A.037, subd. 2 (1992). Prosecutors are required to "make a reasonable and good faith effort" to advise the victim of any plea bargain, including the recommended disposition, and of the victim's right to present any objections to the plea agreement or disposition. Minn.Stat. § 611A.03, subd. 1 (1992).

These statutes, and chapter 611A generally, do not confer a general right of access to the confidential portion of the presentence investigation report. A victim may be informed about the court's sentencing options, so as to be able to make a meaningful recommendation as to sentence, without seeing the sexual offender evaluation or other confidential portions of the report.

A victim has a right to make written objections to the proposed sentence. Minn. Stat. § 611A.037, subd. 2(iv) (1992). A victim also has the right to make a statement at sentencing, including

(1) a summary of the harm or trauma suffered by the victim as a result of the crime;

(2) a summary of the economic loss or damage suffered by the victim as a result of the crime; and

(3) a victim's reaction to the proposed sentence or disposition.

Minn.Stat. § 611A.038 (1992). These statements, by their nature, imply no general right to acquire clinical information, or expert assistance in evaluating a defendant's amenability to treatment.

In some cases the prosecutor may have discretion to disclose confidential data to the victim to comply with the prosecutor's statutory duty to advise the victim, and to fulfill the obligation imposed by the Minnesota Government Data Practices Act. We attempt no definition of a general rule in this regard. However, we conclude that disclosure is not warranted in this case because the prosecutor had waived the right to argue against a probationary sen-

tence if one were supported by a professional opinion.

### 2.

Appellant contends the trial court erred in imposing the $8000 fine, denominated by the court a "mandatory minimum fine." As the state argues, the court could have required Backus to pay a fine of up to $40,000. Minn.Stat. § 609.342, subd. 2 (1990). However, in expressly imposing a "mandatory minimum fine," the court exercised no discretion as to the amount of the fine.

Minn.Stat. § 609.101, subd. 4(1) (1992) provides for a mandatory minimum fine of 20 percent of the statutory maximum fine. However, as appellant argues, this statute does not apply for two reasons:

1. The statute expressly defers to another subdivision providing a $500 mandatory minimum fine for first-degree criminal sexual conduct, Minn.Stat. § 609.101, subds. 2(1) and 4(1); and

2. The statute, effective on August 1, 1992, does not apply to appellant's offense, committed on February 13, 1992. *See* 1992 Minn.Laws ch. 571, art. 4, § 13.

Although the trial court had discretion to impose an $8000 fine, it did not exercise any discretion in the matter. We also remand for resentencing on this issue.

### DECISION

The trial court erred in sentencing appellant without providing counsel access to the confidential portion of the presentence investigation report. The court erred in imposing a mandatory minimum fine of $8000.

**Reversed and remanded.**