**STATE of Minnesota, CITY OF CRYSTAL, Appellant,**

**v.**

**Lisa Ann KIVI (C5–96–591), Rodney Wayne Haveri (C7–96–592), Respondents.**

**Nos. C5–96–591, C7–96–592.**

Court of Appeals of Minnesota.

Oct. 1, 1996.

Review Denied Dec. 17, 1996.

---

Hubert H. Humphrey, III, Attorney General, St. Paul; Peter A. MacMillan, Assistant City Attorney, Rondoni, MacMillan & Schneider, Ltd., Minneapolis, for Appellant.

Barry L. Hogen, Minneapolis, for Respondent Kivi.

Dean S. Grau, Minneapolis, for Respondent Haveri.

Considered and decided by KLAPHAKE, P.J., and DAVIES and PETERSON, JJ.

## OPINION

PETERSON, Judge.

In these consolidated gross misdemeanor driving-while-under-the-influence cases, the state argues the district court erred in dismissing the second complaints filed against respondents and barring further prosecution on grounds that the state had filed those complaints instead of complying with its stated intent to appeal the dismissal of the first, untimely served complaints. Respondent Rodney Haveri filed a notice of review challenging the district court's determination that it was proper to serve the second complaint on him personally rather than on his attorney. We reverse the dismissal of the second complaints and the bar to further prosecution, affirm the decision that the second complaint was served properly, and remand for further proceedings.

## FACTS

Respondent Lisa Kivi was tab charged with gross misdemeanor driving while under the influence of alcohol, gross misdemeanor driving with an alcohol level of .10 as measured within two hours of driving, and speeding. Respondent Rodney Haveri was tab charged with gross misdemeanor driving while under the influence of alcohol and gross misdemeanor driving with an alcohol level of .10 or more as measured within two hours of driving. At their first appearances, both Kivi and Haveri requested formal complaints. The complaints were prepared and alleged the same offenses as the tab charges. Appellant, the State of Minnesota, City of Crystal, concedes that neither complaint was timely served.

Kivi and Haveri moved to dismiss the complaints on untimeliness grounds. The court granted the motions. The state gave oral notice of its intent to appeal the dismissal of both complaints but never appealed the dismissals. Instead, on the same day that the complaint against Kivi was dismissed, the state filed a new complaint against her raising the same allegations as the first complaint, and six days after the complaint against Haveri was dismissed, the state filed a new complaint against him raising the same allegations as the first complaint.

When Kivi and Haveri made their first appearances on the new complaints, both moved to dismiss those complaints. Kivi and Haveri argued that after the state gave notice of its intent to appeal the dismissal of the first complaints, and thereby invoked the automatic five-day stay for purposes of perfecting an appeal, the state could not file second complaints against them without making a motion and receiving permission to do so. Haveri also argued that the second complaint was not properly served because it was served on him personally rather than on his attorney. The district court determined that probable cause existed for both complaints and that serving Haveri personally was proper. The court then concluded that the rules of criminal procedure did not allow the procedure followed by the state and that both complaints had to be dismissed and further prosecution barred. The cases were consolidated on appeal.

## ISSUES

1. Does this court have jurisdiction to hear this appeal?

2. Did the district court err in dismissing the complaint?

3. Did the district court err in determining that the complaint was properly served on Haveri personally?

## ANALYSIS

1. The state's right to appeal in a criminal case is strictly construed. *City of Albert Lea v. Harrer*, 381 N.W.2d 499, 501 (Minn.App.1986). The state "may appeal only pursuant to express statutory authority." *Id.* The state may appeal as of right to this court

> in any case, from any pretrial order of the trial court except an order dismissing a complaint for lack of probable cause to believe the defendant has committed an offense or an order dismissing a complaint pursuant to Minn.Stat. § 631.21 [allowing dismissal upon court's or prosecutor's motion].

Minn. R.Crim. P. 28.04, subd. 1(1).[1]

Respondents argue this court lacks jurisdiction to hear the state's appeal because the state has the right to only one pretrial appeal in a case and, after the state gave oral notice that it was going to appeal the dismissal of the first complaint, it had five days to perfect that appeal and the failure to do so barred any future pretrial appeal. We disagree. Giving oral notice of an intent to appeal does not constitute an appeal. *See* Minn. R.Crim. P. 28.04, subd. 2(2) (appeal perfected when state files notice of appeal, statement of case, copy of request for transcripts, and proof of service with appellate clerk). Moreover, the rules of criminal procedure do not limit the prosecution to one pretrial appeal. Instead, the rules simply provide that when the state appeals from a pretrial order, the appeal "bars any further appeal by the prosecuting attorney from any existing orders not included in the appeal." Minn. R.Crim. P. 28.04, subd. 2(8). Thus, even if the state's oral notice of its intent to appeal had constituted an appeal, the order dismissing the second complaints was appealable because it did not exist when the state gave the oral notice.

Respondents next argue that this court has no jurisdiction to hear this appeal because all the issues they raised for the omnibus hearing were not determined by the district court before the appeal. Minn. R.Crim. P. 28.04, subd. 2(8) provides:

> The prosecuting attorney may not appeal under this rule until after the Omnibus Hearing has been held under Rule 11 * * * and all issues raised therein have been determined by the trial court.

In the present case, the dismissal of the complaints effectively determined all of the omnibus hearing issues raised by respondents by rendering those issues moot. It would be illogical for this court to hold that the rules of criminal procedure require an omnibus hearing to resolve all issues raised by a defendant in a dismissed case before the state can appeal the dismissal of the case. Instead, because it rendered all issues raised for the omnibus hearing moot, the dismissal of the complaints satisfied the requirements of Minn. R.Crim. P. 28.04, subd. 2(8).

Respondents argue that it is Hennepin County's regular practice to bifurcate omnibus hearings, that this practice violates the rules of criminal procedure, and that by not ensuring that a defendant is given a full omnibus hearing, the state has failed to comply with the full decision requirement in Minn. R.Crim. P. 28.04, subd. 2(8). Respondents did not raise this issue before the district court. We will not address it for the first time on appeal. *See State v. Thomas*, 467 N.W.2d 324, 327 (Minn.App.1991) (issues not raised before district court generally will not be addressed on appeal).

Respondents finally argue that this court lacks jurisdiction to hear this appeal because the complaints were dismissed pursuant to Minn.Stat. § 631.21 (1994) and the state's right to appeal from a pretrial order does not include the right to appeal an order dismissing a complaint pursuant to Minn. Stat. § 631.21. *See* Minn. R.Crim. P. 28.04, subd. 1(1) (state cannot appeal from order

---

1. The state may appeal a dismissal for lack of probable cause that is based on the district court's determination of a legal question rather than on the absence of facts showing that the defendant committed the offense. *State v. Kiminski*, 474 N.W.2d 385, 388–89 (Minn.App. 1991), *review denied* (Minn. Oct. 11, 1991).

dismissing complaint pursuant to Minn.Stat. § 631.21). We disagree. Minn.Stat. § 631.21 (1994) provides:

> The court may order a criminal action, whether prosecuted upon indictment or complaint, to be dismissed. The court may order dismissal of an action either on its own motion or upon motion of the prosecuting attorney and in furtherance of justice. If the court dismisses an action, the reasons for the dismissal must be set forth in the order and entered upon the minutes. The recommendations of the prosecuting officer in reference to dismissal, with reasons for dismissal, must be stated in writing and filed as a public record with the official files of the case.

There is no reason to conclude that the district court dismissed the actions pursuant to Minn.Stat. § 631.21. The district court granted respondents' motions for dismissal; the actions were not dismissed upon the court's own motion or upon motion of the prosecuting attorney and in furtherance of justice. Furthermore, the district court did not expressly state that either dismissal was under Minn.Stat. § 631.21 nor comply with the statutory requirement that reasons for the dismissals be set forth in an order or upon the minutes.

█ 2. In a pretrial appeal by the state, the district court's decision will be reversed

> only if the state can prove clearly and unequivocally both that the trial court erred and that the error will have a critical impact on the trial.

*State v. Stroud,* 459 N.W.2d 332, 334 (Minn. App.1990).

█ Minn. R.Crim. P. 17.06, subd. 4(3) provides that if the district court grants a motion to dismiss and

> the dismissal is for failure to file a timely complaint as required by Rule 4.02, subd. 5(3), or for a defect that could be cured or avoided by an amended or new indictment, or complaint, further prosecution for the same offense shall not be barred, and the court shall on motion of the prosecuting attorney, made within seven (7) days after notice of the entry of the order granting the motion to dismiss, order that the de-

fendant's bail or the other conditions of release be continued or modified for a specified reasonable time pending an amended or new indictment or complaint.

> * * * The specified time for such amended or new indictment or complaint shall not exceed sixty (60) days for filing a new indictment or seven (7) days for amending an indictment or complaint or for filing a new complaint. During the seven-day period for making the motion and during the time specified by the order, if such motion is made, dismissal of the indictment or complaint shall be stayed. If the prosecution does not make the motion within the seven-day period or if the indictment or complaint is not amended or if a new indictment or complaint is not filed within the time specified by the order, the defendant shall be discharged and further prosecution for the same offense shall be barred unless the prosecution has appealed as provided by law, or unless the defendant is charged with murder * * *. In misdemeanor cases and also in gross misdemeanor cases under Minn.Stat. § 169.121 or Minn.Stat. § 169.129 dismissed for failure to file a timely complaint within the time limits as provided by Rule 4.02, subd. 5(3), further prosecution shall not be barred unless additionally a judge or judicial officer of the court has so ordered.

The state argues the district court erred in dismissing the second complaints and barring further prosecution because Minn. R.Crim. P. 17.06, subd. 4(3) gave the state the right to file new complaints against respondents within seven days after the dismissal of the first complaints against them without making a motion to do so. We agree.

█ The first complaints here were dismissed for untimely service, which is a curable defect. *See* Minn. R.Crim. P. 17.06, subd. 4(3) (curable defect includes dismissal for failure to timely file complaint as required by Rule 4.02, subd. 5(3)); Minn. R.Crim. P. 4.02, subd. 5(3) (complaint must be made, served, and filed within applicable time limit). Minn. R.Crim. P. 17.06, subd. 4(3) does not require a written motion to file a new complaint after an initial complaint has been dismissed for a

curable defect. *State v. McCollor*, 359 N.W.2d 641, 643 (Minn.App.1984). Instead, under Rule 17.06, subd. 4(3), "[t]he prosecutor has seven days from notice of entry of the order of dismissal [of the complaint] to file a new or amended complaint." *State v. Haugen*, 382 N.W.2d 297, 299 (Minn.App.1986).

The supreme court has explained the operation of Rule 17.06, subd. 4(3) as follows:

> [W]e disagree with the district court's conclusion that the filing of the amended complaint must be preceded by a filing of a motion for permission to file the complaint. The idea behind the rule is that a defendant who is in custody will normally be kept in custody at least for 7 days following a dismissal of a prosecution against him on the basis of a defect in the complaint which is curable. During this period the prosecutor is to decide whether he wishes to try to correct the defect and file an amended complaint. If the prosecutor cannot decide this or cannot file an amended complaint within the 7–day period but needs more time then the prosecutor must move for a continuance within the 7–day period and the court "shall" order a "reasonable" continuance. The state may file an amended complaint correcting the defect which resulted in the dismissal any time within the 7–day period following the dismissal or any time within the period of the continuance if the prosecutor has obtained a continuance within the 7–day time period. If the prosecutor does not file within the 7–day period or the period of the continuance, if one was granted, then the prosecution is barred unless one of the exceptions mentioned in the comments applies * * *.

*State v. Viergutz*, 288 N.W.2d 693, 697 (Minn. 1980). The supreme court recently reiterated:

> Following dismissal of an indictment for a curable defect, Rule 17.06, subd. 4(3) requires the state to elect a means of continuing the prosecution within seven days. The state satisfies this requirement either by *moving* for a continuance of the stay or by *filing* a new or amended indictment or complaint within that seven-day period.

*State v. Pettee*, 538 N.W.2d 126, 131 (Minn. 1995) (footnote omitted), *cert. denied*, —— U.S. ——, 116 S.Ct. 1444, 134 L.Ed.2d 564 (1996). Accordingly, the state did not violate Minn. R.Crim. P. 17.06, subd. 4(3) by filing new complaints against Kivi and Haveri within the seven-day period specified in the rule without making a motion to do so.

The fact that the state gave oral notice of its intent to appeal did not divest the district court of jurisdiction to issue the complaints.

> Pending a duly executed appeal, the jurisdiction of a trial court is *suspended* only as to those matters necessarily involved in the appeal * * *.

*State v. Barnes*, 249 Minn. 301, 302–03, 81 N.W.2d 864, 866 (1957) (footnote omitted). Here, the state never perfected its appeal from the orders dismissing the first complaints because it never filed any papers with the appellate clerk after the dismissals. *See* Minn. R.Crim. P. 28.04, subd. 2(2) (pretrial appeal perfected when state files notice of appeal, statement of case, copy of written request for transcripts, and proof of service on defendant or defense counsel with appellate clerk). Absent a perfected appeal, the district court was not divested of jurisdiction over any matter in this case.

Respondents argue the procedure the state followed here was improper because the five-day stay for purposes of appeal is an automatic stay while the seven-day stay for purposes of filing a new complaint is discretionary. Respondents claim, therefore, that by filing a new complaint during the automatic five-day stay for appeal purposes, the state can avoid asking the district court to exercise its discretion to grant the seven-day stay and deny a defendant the opportunity to argue against this stay. But Minn. R.Crim. P. 17.06, subd. 4(3) provides that during the seven-day period for making a motion for additional time to file a new complaint, "dismissal of the indictment or complaint shall be stayed." The supreme court has held that under Rule 17.06, subd. 4(3), "if an indictment is dismissed for a curable defect, dismissal is automatically stayed for 7 days." *State v. Dwire*, 409 N.W.2d 498, 503 (Minn. 1987). Thus, the seven-day stay is an auto-

matic, rather than discretionary, stay. Because the district court has no discretion in granting either the five-day or the seven-day stay, the procedure followed here did not allow the state to circumvent any discretionary decision nor deprive respondents of any opportunity to persuade the district court to deny such a stay. In short, the procedure followed here did not prejudice respondents. *See* Minn. R.Crim. P. 31.01 ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded").

 Kivi argues that a district court's decision to bar further prosecution should not be disturbed absent an abuse of discretion. But in this case the district court stated that the rules of criminal procedure required it to dismiss the complaint and to bar further prosecution. Thus, even if the decision to bar further prosecution were discretionary, the district court did not exercise any discretion to which we could defer. *Cf. State v. Backus,* 503 N.W.2d 508, 511 (Minn. App.1993) (although decision to impose fine is discretionary, a district court did not exercise any discretion when it imposed $8,000 fine because it believed that amount was the mandatory minimum fine).

 3. Haveri argues that the district court erred in determining that it was proper to serve the second complaint on him personally rather than on his attorney. *See* Minn. R.Crim. P. 33.02 (whenever rules require service upon party represented by attorney, service shall be made on attorney). We disagree. When it appears from a complaint that there is probable cause that an offense has been committed by the defendant, a summons or warrant shall be issued. Minn. R.Crim. P. 3.01.

> A summons shall be issued rather than a warrant unless it reasonably appears that there is a substantial likelihood that the defendant will fail to respond to a summons, or the defendant's whereabouts is not reasonable discoverable, or the arrest of the defendant is necessary to prevent

imminent harm to the defendant or another.

*Id.*

> When a charge has been dismissed for failure to file a valid complaint and a valid complaint is thereafter filed, a warrant shall not be issued on that complaint unless a summons has been issued first and either could not be served or, if served, the defendant failed to appear in response thereto.

Minn. R.Crim. P. 4.02, subd. 5(3). Because the first complaint here was dismissed for failure to file a valid complaint and the state thereafter filed a valid complaint, a summons had to be issued with the second complaint.

> A summons

> shall be served on an individual defendant by delivering a copy to the defendant personally or by leaving it at the defendant's dwelling house * * * or by mailing it to the defendant's last known address.

Minn. R.Crim. P. 3.03, subd. 3. Thus, the state properly served the summons and second complaint on Haveri personally.

 Kivi states that the second complaint was served on her attorney, rather than on her personally, and that this complaint therefore should be dismissed. But Kivi filed no notice of review of this issue. *See* Minn. R.Crim. P. 28.04, subd. 3 (when state appeals, defendant may obtain review of any pretrial order that will adversely affect her by filing notice of cross-appeal). The failure to file the notice does not deprive us of jurisdiction over this issue. *Id.* But because Kivi did not raise this issue before the district court, we will not review this matter for the first time on appeal. *See Thomas,* 467 N.W.2d at 327 (issues not raised before district court generally will not be addressed on appeal); Minn. R.Crim. P. 28.04, subd. 3 (failure to file notice of cross-appeal is ground for such action as court deems appropriate, including dismissal of cross-appeal).[2]

---

**2.** Although we do not review this issue, we note that at the hearing where the first complaint was dismissed, the state said it would file a second

complaint and Kivi asked that this complaint be served on her attorney.

**104**

## DECISION

This court had jurisdiction to hear this appeal because the state's oral notice of its intent to appeal did not constitute an appeal nor deprive the state of the right to future pretrial appeals in the case; the dismissal of the complaints against Kivi and Haveri resolved all issued raised for the omnibus hearing, thereby satisfying the requirements of Minn. R.Crim. P. 28.04; and the dismissal here was not in furtherance of justice. Because the procedure the state followed in filing the new complaints did not violate the rules of criminal procedure, the district court improperly dismissed the complaints and improperly barred further prosecution. Because the second complaint had to be accompanied by a summons, it was proper to serve Haveri personally.

**Affirmed in part, reversed in part, and remanded.**