In the Matter of the WELFARE
OF D.L.K., Child.

No. CX–84–1181.

Court of Appeals of Minnesota.

Feb. 12, 1985.

Review Granted May 1, 1985.

Thomas G. Dunnwald, Indian Legal Assistance Program, Duluth, for appellant.

Terri L. Hommerding, Asst. Carlton County Atty., Carlton, for respondent.

Heard, considered and decided by PARKER, P.J., and SEDGWICK, and LESLIE, JJ.

## OPINION

LESLIE, Judge.

This is an appeal from an order adjudging D.L.K., a juvenile, a delinquent.

D.L.K. grabbed the bra strap of a female co-student while she was standing at her locker in their high school. Shortly thereafter, as the student was walking up a stairway, D.L.K. tapped her on the shoulder. When she turned, he wordlessly grabbed and pinched her breast. The girl slapped his face and walked away. D.L.K. was convicted of criminal sexual conduct in the fourth degree, a felony. We reverse.

## FACTS

Appellant, D.L.K. and T.K.A., a female, were students at Esko High School, Esko, Minnesota. Both were 14 years of age at the time of the incident. D.L.K. was in the eighth grade.

One afternoon, as T.K.A. was standing at her locker, D.L.K. came up behind her and without speaking, snapped her bra strap. A minute or so later D.L.K. tapped T.K.A. on the shoulder as she walked up a set of stairs and she turned around. Immediately after she turned around, D.L.K. wordlessly reached into T.K.A.'s coat, grabbed her breast, and pinched it hard enough to cause her pain. D.L.K. released his hold almost immediately. T.K.A. slapped him across the face and he began to laugh. T.K.A. then walked away and D.L.K. made no attempt to follow her.

The incident was reported to a school official who contacted the Carlton County

Sheriff. A deputy sheriff went to D.L.K.'s home, advised him of his *Miranda* rights in his mother's presence and questioned him. D.L.K. admitted T.K.A.'s allegations.

D.L.K. was charged with disorderly conduct under Minn.Stat. § 609.72(3) (1982) and criminal sexual conduct in the fourth degree under Minn.Stat. § 609.345(c) (1982). After a juvenile court hearing before a judicial officer, D.L.K. was found guilty of the criminal sexual conduct in the fourth degree charge only. As a juvenile, D.L.K. was not afforded a trial by jury. As a result of the conviction, D.L.K. was adjudged a delinquent and he appeals.

### ISSUE

Did D.L.K. use force to accomplish sexual contact with the victim as required for conviction of criminal sexual conduct in the fourth degree?

### ANALYSIS

D.L.K. argues the sexual contact described in this case does not constitute criminal sexual conduct in the fourth degree because it was not accomplished by the use of force.

Minn.Stat. § 609.345(c) defines criminal sexual conduct in the fourth degree as follows:

A person is guilty of criminal sexual conduct in the fourth degree * * * if he engages in sexual contact with another person and if any of the following circumstances exists: * * * (c) The actor *uses force or coercion to accomplish the sexual contact;* * * *.

(Emphasis supplied.)

Force is defined in § 609.341, subd. 3 (1982) as:

"Force" means the infliction, attempted infliction, or threatened infliction by the actor of bodily harm or commission or threat of any other crime by the actor against the complainant or another, which causes the complainant to reasonably believe that the actor has the present ability to execute the threat, and also causes the complainant to submit.

We hold that force was not used to accomplish the sexual contact in this case.

Conduct sufficient to satisfy the force requirement of Minn.Stat. § 609.345(c) was found in *Brouillette v. Wood,* 636 F.2d 215 (8th Cir.1980), *cert. denied,* 450 U.S. 1044, 101 S.Ct. 1766, 68 L.Ed.2d 243 (1981). In *Brouillette,* the accused was discovered by a female student in a women's restroom of a college dormitory in the middle of the night. *Id.* at 216. The student was wearing only a knee-length "T" shirt with a logo which included the form of buttocks. *Id.* After she told him to leave, the accused,

walked up to her, touched the logo on her chest and said, "I really like that ass on your "T" shirt." Then he grabbed her by the shoulders, spun her around and grabbed her buttocks, saying, "I really like your ass too." Then he grabbed her shoulders, spinning her so that she faced him again and touched her groin area. Ms. McCulloch began to scream and push away. The petitioner then ran.

*Id.* at 216–217. The accused's subsequent conviction of criminal sexual conduct in the fourth degree under Minn.Stat. § 609.-345(c) was upheld. *Id.* at 217.

The conduct of the accused in *Brouillette* is distinguishable from that of D.L.K. in the present case. The grabbing of the victim's shoulders, twirling, and subsequent grabbing of her buttocks and groin area clearly constituted the use of force to accomplish the sexual contact. The same cannot be said of D.L.K.'s use of stealth to reach inside T.K.A.'s coat and grab her breast. We observe that the statutory "use of force to accomplish" requirement might have been met in this case if, for example, T.K.A. had covered her breast with her arms in anticipation of D.L.K.'s intentions, and D.L.K. pulled her arms away. As it actually happened, D.L.K. did not use force to accomplish the sexual contact as required for conviction under Minn. Stat. § 609.345(c).

We do not minimize D.L.K.'s conduct or suggest that it merits impunity. However, we feel that the conduct of D.L.K. in this case, does not rise to the level of a felony.

D.L.K.'s conduct may have justified conviction under other criminal statutes but it does not constitute criminal sexual conduct in the fourth degree.

## DECISION

D.L.K. did not use force to accomplish the sexual contact in this case. Therefore, we reverse his conviction of criminal sexual conduct in the fourth degree.