**In the Matter of the WELFARE OF D.L.K., Child.**

**No. CX–84–1181.**

Supreme Court of Minnesota.

Feb. 14, 1986.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, Marvin Ketola, Carlton County Atty., Terri L. Hammerding, Asst. County Atty., Carlton, for appellant.

Thomas G. Dunnwald, Indian Legal Assistance, Duluth, for D.L.K.

WAHL, Justice.

D.L.K., a 14-year-old juvenile, came up behind a female classmate at school, tapped her on the shoulder and, when she turned around, grabbed and pinched her breast hard enough to cause pain. The Carlton County Court held this conduct constituted criminal sexual conduct in the fourth degree in violation of Minn.Stat. § 609.345(c) (1984) and by reason of this violation adjudicated D.L.K. a delinquent.[1] D.L.K. appealed. The Court of Appeals reversed, holding there had been sexual contact but the sexual contact had not been accomplished by use of force as required by the statute. *In re Welfare of D.L.K.*, 362 N.W.2d 13 (Minn.Ct.App.1985). We reverse and reinstate the judgment of the Carlton County Court.

The facts are undisputed. In the late afternoon of December 19, 1983, D.L.K. came up behind a female classmate as she was walking up the stairs from the school basement and hit or tapped her on the shoulder, causing her to turn around. He quickly reached under her unzipped jacket and grabbed and pinched her breast for about two seconds, causing her physical pain. The victim was surprised by this unexpected act and then angered. She slapped D.L.K., he laughed at her reaction, and she walked away.

The young woman reported the incident to a school official who called the police. A deputy sheriff went to D.L.K.'s home and advised him of his rights in the presence of his mother. D.L.K., who said he understood those rights, agreed to talk. He admitted then and in a later written statement that the incident had happened as the complainant described it.

Minn.Stat. § 609.345(c) (1984) provides:

---

1. This conduct, although providing the basis of the delinquency adjudication, cannot be included as a juvenile history item in a criminal history index for sentencing guidelines purposes because it was committed before D.L.K.'s 16th birthday. Sentencing Guidelines II.B.4(c); Comment II.B.403.

A person is guilty of criminal sexual conduct in the fourth degree * * * if he engages in sexual contact with another person and if any of the following circumstances exist: * * * [t]he actor uses force or coercion to accomplish sexual contact * * *.

D.L.K. admits he grabbed and pinched the victim's breast, causing her physical pain. He does not dispute that this touching constitutes "sexual contact" as defined in the statute.[2] He contends however, there is no evidence he "use[d] force * * * to accomplish the admitted sexual contact.

"Force" is defined, in relevant part, as "the infliction * * * by the actor of bodily harm * * * which causes the complainant to submit." Minn.Stat. § 609.341, subd. 3 (1984).[3] "Bodily harm" includes physical pain. Minn.Stat. § 609.02, subd. 7 (1984).

■ The issue before this court is whether D.L.K.'s grabbing and pinching of the victim's breast, inflicting pain, i.e., a painful, nonconsensual sexual contact, was a sexual contact *accomplished by the use of force*, as required by section 609.345(c). We are guided in interpreting the language of statutes by certain interpretive principles. No act is a crime unless so defined by a statute. Minn.Stat. § 609.015, subd. 1 (1984). Where the language of a statute is clear and free from all ambiguity, "the letter of the law shall not be disregarded under the pretext of pursuing the spirit." Minn.Stat. § 645.16 (1984). But, where the words of a law are not explicit, the legislature's intent may be ascertained by referring to the occasion and necessity for the law, the mischief to be remedied, the object to be attained, and the consequences of a particular interpretation. *Id.* The legislature is presumed not to intend an absurd,

impossible, or unreasonable result. Minn. Stat. § 645.17 (1984).

A sexual contact is criminal sexual conduct under section 609.345(c) if the actor "uses force * * * to accomplish the sexual contact." D.L.K. argues the "uses force * * * to accomplish" language should be read to mean the required act of force must be separate from the sexual contact. He claims it is not enough that the sexual contact was merely *accompanied by* force but that it must be *accomplished by*, i.e. caused by, the use of force, and the force used must "cause the complainant to submit" in order to satisfy the statutory definition of "force." This means, D.L.K. contends, that the force required by section 609.345(c) must precede the sexual contact and, because it causes the complainant to submit, make that unwanted contact possible. In a case like this, where the assailant overtakes the victim by stealth and commits a painful sexual act, but accomplishes his purpose before the victim has time to resist, there is no use of force because the victim did not submit to this unwanted touch.

■ We find this argument ingenious but unsupported by our decided cases or the intent of the legislature in drafting the criminal sexual conduct statutes. Furthermore, our recent decision in *State v. Mattson*, 376 N.W.2d 413 (Minn.1985), is controlling in this case as regards the meaning of the statutory language "uses force or coercion to accomplish sexual contact." The conduct of the defendants in the two cases is virtually indistinguishable, though resulting bruises to the complainant in *Mattson* led to a more serious charge. Mattson stopped his car and asked a 16-year-old woman for directions. As she leaned in the passenger window, he suddenly reached

---

**2.** "Sexual contact" includes the touching of the clothing covering the immediate area of a complainant's intimate parts without consent and for the purpose of satisfying the actor's sexual or aggressive impulses. Minn.Stat. § 609.341, subd. 11 (1984). "Intimate parts" includes the "breast of a human being." Minn.Stat. § 609.-341, subd. 5 (1984).

**3.** The full text of the statutory definition is: "'Force' means the infliction, attempted infliction, or threatened infliction by the actor of bodily harm or commission or threat of any other crime by the actor against the complainant or another, which causes the complainant to reasonably believe that the actor has the present ability to execute the threat, and also causes the complainant to submit." Minn.Stat. § 609.341, subd. 3 (1984).

over and grabbed her wrist and her breast through her clothing, pinching the breast hard enough to cause pain and bruising. The young woman pulled away immediately and reported the incident to the police. Mattson was charged with second degree criminal sexual conduct in violation of Minn.Stat. § 609.343(e)(i) (1984), which is sexual contact accomplished by force or coercion and causing personal injury.[4] Mattson claimed the state's evidence did not establish that he used force to accomplish the sexual contact. We found sufficient evidence of the use of force in his sudden and painful grabbing and pinching of the victim's breast to uphold the conviction. *Id.* at 414–15. We hold the evidence in this case of D.L.K.'s sudden and painful grabbing and pinching of the victim's breast is sufficient use of force to accomplish sexual contact to sustain the trial court's conclusion that D.L.K.'s conduct constitutes criminal conduct in the fourth degree in violation of Minn.Stat. § 609.345(c).

This decision and our decision in *Mattson* were clearly indicated by *State v. Stufflebean*, 329 N.W.2d 314 (Minn.1983), and *State v. Brouillette*, 286 N.W.2d 702 (Minn. 1979). In *Stufflebean*, the victim awoke from sleep to find her clothing partly removed and the defendant on top of her making genital contact. The victim experienced bodily harm in the form of vaginal redness and soreness from the surprise sexual contact. *Id.* at 316. Even though the victim was asleep when the sexual contact was made and initially had no opportunity to resist, we found sufficient evidence that the sexual contact had been accomplished by force to sustain Stufflebean's conviction of criminal sexual conduct in the fourth degree. In *Brouillette*, the victim entered the women's bathroom of her dormitory residence in the early morning hours and encountered the defendant. She challenged his presence in a woman's bathroom and told him to leave. The defendant approached her, made a sexual remark, grasped her shoulders, twirled her around, lifted her knee-length t-shirt and touched her buttocks, saying he liked them. He grabbed her shoulders again, turned her around and touched her vaginal area. She began yelling and he ran away. We held the sexual contact was accomplished by the use of force and upheld Brouillette's conviction of criminal sexual conduct in the fourth degree. *Id.* at 706.

 In these cases we have found the requirement of force in section 609.345(c) satisfied when the actor inflicts bodily harm or pain or the threat thereof on another while accomplishing sexual contact. That this interpretation was intended by the legislature is clear from the history of Minn.Stat. § 609.341, subd. 3, which defines "force." In 1977, when the Brouillette incident occurred, force was defined by section 609.341, subd. 3 (1976) as including the "commission or threat by the actor of an assault, as defined in section 609.22 * * * *" An assault was committed under Minn.Stat. § 609.22 (1976) when a person did an act with intent to cause fear in another of immediate bodily harm or death or intentionally inflicted or attempted to inflict bodily harm upon another. In 1979 the legislature amended the definition of force, deleting the reference to the assault statute but directly incorporating its language: "'Force' means the infliction, attempted infliction, or threatened infliction by the actor of bodily harm," then, the legislature continued, "or commission or threat of any other crime by the actor against the complainant or another, which causes the complainant to reasonably believe that the actor has the present ability to execute the threat, and also causes the complainant to submit." Minn.Stat. § 609.341, subd. 3 (1984). By its amendment, the legislature retained in the definition of force the concept of assault—the infliction, attempted infliction or threatened infliction of bodily harm—as well as the concept of duress—the commission or threat of a

---

4. This requirement of personal injury is the only distinction between section 609.343(e)(i), under which Mattson was charged, and section 609.345(c), under which D.L.K. was charged. The statutory element of force required by both degrees of criminal sexual conduct is identical.

crime which causes submission. Thus, when, as here, an actor inflicts bodily harm while committing sexual contact, it is criminal sexual conduct. There is no need in the prosecution of such a case to show the complainant resisted the actor. Minn.Stat. § 609.347, subd. 2 (1984).

The decision of the Court of Appeals is reversed, the judgment of the Carlton County Court is reinstated.

Reversed, judgment reinstated.