STATE of Minnesota, Respondent,

v.

**Beth Ann BURNS, Appellant.**

No. C6–00–1853.

Court of Appeals of Minnesota.

Sept. 4, 2001.

Jennifer M. Inz, Craighton T. Boates, Lang, Pauly, Gregerson & Rosow, Ltd., Minneapolis, MN, (for respondent).

Paul B. Ahern, Paul B. Ahern, P.A., Minnetonka, MN, (for appellant).

Considered and decided by ANDERSON, Presiding Judge, RANDALL, Judge, and SCHUMACHER, Judge.

## OPINION

RANDALL, Judge

Appellant moved the district court to dismiss her DWI-related charges because the state failed to comply with a Hennepin County standing order pertaining to discovery in alcohol-related offenses. After the court granted appellant's motion, the state filed a new complaint against appellant, and appellant moved to dismiss a second time, arguing that the state failed to file the new complaint within seven days as required by Minn. R.Crim. P. 17.06. The court denied appellant's second motion to dismiss, reasoning that her first motion was based on a discovery violation rather than a curable defect in the charging instrument articulated by 17.06. We conclude that rule 17.06 does not apply to a dismissal for a discovery violation. Affirmed.

## FACTS

On July 3, 2000, appellant Beth Ann Burns was arrested and tab charged with three counts of driving while intoxicated

and one count of careless driving. At the pretrial conference on August 9, 2000, Burns orally moved the district court to dismiss the tab charge. Her motion was based on a Hennepin County standing order dated June 1, 2000, relating to discovery for alcohol-related traffic offenses. That order mandates that all discovery must be completed and exchanged at least five days before the pretrial conference or probable cause hearing. Specifically, the state did not give Burns an audiotape she requested as part of discovery. The district court agreed with Burns that the state failed to comply with the standing order and granted Burns's first motion to dismiss.

According to the district court's memorandum, the state filed a new complaint on August 22, 2000, which charged Burns with the same offenses as the previous complaint. Burns responded by moving the court to dismiss a second time, and, for the first time, Burns argued that her first motion to dismiss was based on a defect in the tab charge. Based on this argument, Burns contended that the state as obligated to file the new complaint within seven days after the first complaint was dismissed under Minn. R.Crim. P. 17.06. The court found that Burns's first motion to dismiss was based on a discovery violation rather than a motion that attacked a defect in the original tab charge. The court concluded that Minn. R.Crim. P. 17.06 was inapplicable and denied Burns's second motion to dismiss. Following Burns's conviction, she appeals from the district court's denial of her second motion to dismiss.

## ISSUE

Was appellant's motion to dismiss governed by Minn. R.Crim. P. 17.06, which would have required the district court to grant appellant's motion because the state failed to comply with the rule?

## ANALYSIS

■ Construction of a procedural rule "is a question of law subject to de novo review." *State v. Martin,* 591 N.W.2d 481, 484 (Minn.1999) (citations omitted).

If the district court grants a defendant's motion to dismiss because of a curable defect in an indictment, complaint, or tab charge, the state has seven days to file a new complaint. Minn. R.Crim. P. 17.06, subd. 4. If the state does not file a new complaint within the seven-day time frame, further prosecution for the same offense is barred. *Id.*

Relying on rule 17.06, Burns argues that the state failed to file a new complaint within seven days after the district court granted her first motion to dismiss, and thus the district court erred by denying her second motion to dismiss.

■ A party's failure to include all available defenses, objections, issues, and requests in a motion to the district court constitutes waiver of such objections unless the party can show good cause why the court may grant relief from the waiver. Minn. R.Crim. P. 10.03; *see State v. Drieman,* 457 N.W.2d 703, 709 (Minn.1990) (declining to consider defendant's objections to indictment based on prosecutor's conduct during grand jury proceedings because defendant did not raise objections in original motion challenging indictment and did not show cause for granting relief from waiver). First, because Burns did not raise an objection under rule 17.06 in her first motion to dismiss and did not show good cause for this failure, it could be held that she cannot now argue that the state failed to comply with the rule in her second motion to dismiss. However, we will consider her argument on the merits. We disagree with Burns's assertion that rule

17.06 "is not limited to defects in charging," and we conclude that the spirit and the letter of rule 17.06 are aimed at the charging instrument. This case does not revolve around a charging instrument. Instead, the reason Burns originally successfully moved to dismiss was because of Hennepin County's standing order relating to discovery. Specifically, Burns's attorney stated, "We would also make a motion to dismiss for *failure to provide discovery*." (Emphasis added.) Since Burns's first successful motion was based on a discovery challenge, we find that rule 17.06 is not applicable. *See State v. Couture*, 587 N.W.2d 849, 852 (Minn.App.1999) (concluding that appellant's insistence that original complaint was dismissed under Minn. R.Crim. P. 17.06 was misplaced because record indicated that complaint was dismissed by prosecuting attorney under Minn. R.Crim. P. 30.01), *review denied* (Minn. Apr. 20, 1999).

■ No authority could be found to support Burns's proposition that discovery violations are types of curable defects governed by rule 17.06. Rather, there are already specific rules that govern discovery violations. Discovery in misdemeanor cases requires the state to permit a defendant to inspect police investigative reports before trial. Minn. R.Crim. P. 7.03. "Any other discovery shall be by consent of the parties or by motion to the court." *Id.* The rules do not indicate the consequences for failure to comply with these discovery rules; caselaw states that the imposition of sanctions for discovery rules violations is within the district court's discretion. *See State v. Lindsey*, 284 N.W.2d 368, 373 (Minn.1979) (stating imposition of sanctions for discovery violations is within district court's discretion because it is in best position to determine whether any harm resulted from violation).

■ Here, the Hennepin County standing order pertains to discovery in alcohol-related offenses. This standing order was the basis for Burns's first motion to dismiss. Thus, it was within the court's discretion to sanction the state for its failure to comply with the applicable discovery rule.

Rule 7.03 does not discuss specifically the consequences for a party's failure to comply with discovery rules in misdemeanor cases. The comments to rule 7.03 state that, when additional discovery beyond police investigative reports is considered necessary by either party, "the court will be guided by the extensive discovery provisions of these Rules" to decide appropriate sanctions for discovery violations. For example, in gross misdemeanor and felony cases, the district court may compel discovery, "grant a continuance, or enter such order as it deems just in the circumstances." Minn. R.Crim. P. 9.03, subd. 8.

■ Here, the district court granted "without prejudice"[1] Burns's first motion to dismiss. By the time Burns moved the court to dismiss a second time after the state filed a new complaint, the state had already complied with Burns's discovery request. The second complaint was filed just 13 days after her first motion to dismiss was granted. The requested discovery had already been exchanged. We cannot find substantial prejudice to Burns's right to prepare for trial by this six-day delay. *See Woodruff v. State*, 608 N.W.2d 881, 885–86 (Minn.2000) (upholding post-conviction court's refusal to grant defendant's request for new trial as sanction for state's discovery violation). However, we do not decide the case on the issue of prejudice, or the lack thereof, but rather as aforesaid, namely, that we find that rule 17.06 does not control our analysis.

1. We agree with Burns's argument, and the state concedes, that the term "without prejudice" is irrelevant. It is a civil, not a criminal, term.

Although we conclude that rule 17.06 does not apply to discovery violations, we do understand appellant's argument. It would seem that since the genesis of Hennepin County's standing order is to expedite alcohol-related offenses, it would not be illogical for Hennepin County to modify the order to mandate a time frame beyond which the state cannot recharge a claimant after a dismissal for a (standing order) discovery violation.

## DECISION

The discovery violation did not constitute a defect as contemplated by rule 17.06. Burns received the audiotape before the state filed the second complaint, and the state filed that complaint just 13 days after the first tab charge was dismissed. The district court did not err by denying Burns's second motion to dismiss.

**Affirmed.**