STATE of Minnesota, Appellant,

v.

Dennis Lee WHITLEY, Jr., Respondent.

No. C0–02–623.

Court of Appeals of Minnesota.

Aug. 6, 2002.

Mike Hatch, Attorney General, St. Paul, and Amy Klobuchar, Hennepin County Attorney, Jean E. Burdorf, Assistant County Attorney, Minneapolis, for appellant.

Leonardo Castro, Hennepin County Public Defender, Melissa A. Haley, Assistant Public Defender, Minneapolis, for respondent.

Considered and decided by ANDERSON, Presiding Judge, LANSING, Judge, and KALITOWSKI, Judge.

## OPINION

### G. BARRY ANDERSON, Judge.

The state charged respondent with fourth-degree criminal sexual conduct and failure to register as a predatory sex offender. The district court dismissed the charge of fourth-degree criminal sexual conduct because it concluded the complaint lacked probable cause based on its interpretation of the definition of "force" in the criminal-sexual-conduct statute. The state requested leave to amend the complaint and filed an amended complaint three days later. The state filed a second amended complaint seven days after filing the first amended complaint.

The district court also dismissed the charge of fourth-degree criminal sexual conduct in the second amended complaint because it concluded the complaint was untimely under Minn. R.Crim. P. 17.06, subd. 4(3). Because the district court did not review the sufficiency of the first amended complaint, the only complaint filed within seven days after the initial dismissal, we affirm the district court's dismissal of the second amended complaint, and remand for the court to review the first amended complaint.

## FACTS

On February 18, 2002, respondent allegedly sexually assaulted a female jogger by grabbing her buttocks and genital area. Police arrested respondent and charged him with fourth-degree criminal sexual conduct, a violation of Minn.Stat. § 609.345, subds. 1(c), 2 (2000 & Supp. 2001), and failing to register as a predatory sex offender, a violation of Minn.Stat. § 243.166, subd. 3 (2000 & Supp.2001).

At respondent's March 19, 2002 probable cause hearing, the district court dismissed the charge of fourth-degree criminal sexual conduct because it concluded the state failed to establish probable cause that respondent used force or coercion to accomplish the sexual contact. The state requested leave to amend the probable cause section of the complaint within seven days. The parties agreed to a March 29 continued probable cause hearing date; but respondent's counsel noted on the record that he was not waiving the seven-day period for filing an amended complaint.

On March 22, the state filed an amended complaint that stated an additional fact related to respondent's alleged use of force to accomplish the sexual contact. On March 29, the day of respondent's continued probable cause hearing, the state filed a second amended complaint that alleged additional facts relating to the incident. The court granted respondent's request for a continuance to review the second amended complaint.

On April 5, the district court dismissed the charge of fourth-degree criminal sexual conduct because the state had not filed the second amended complaint within seven days after the court initially dismissed the charge on March 19. The court also found the second amended complaint failed to establish probable cause because it determined that the force required by the statute must occur before the sexual contact, as a means of accomplishing the sexual contact. This pretrial appeal followed.

## ISSUES

I. Was the original complaint dismissed for a curable defect?

II. Was the second amended complaint timely?

## ANALYSIS

▮▮▮ Under Minn. R.Crim. P. 28.04, subd. 1(1), the state may appeal, as a

matter of right, any pretrial order "based on questions of law." When the state appeals a pretrial suppression order, it

> must "clearly and unequivocally" show both that the trial court's order will have a "critical impact" on the state's ability to prosecute the ·defendant successfully and that the order constituted error.

*State v. Scott*, 584 N.W.2d 412, 416 (Minn. 1998) (quoting *State v. Zanter*, 535 N.W.2d 624, 630 (Minn.1995)). Here, the state has satisfied the critical-impact test because the district court's order was based on its interpretation of a rule of criminal procedure that bars further prosecution of respondent. Interpretation of the rules of criminal procedure is a question of law, which we review de novo. *State v. Nerz*, 587 N.W.2d 23, 24–25 (Minn.1998); *State v. Burns*, 632 N.W.2d 794, 796 (Minn.App. 2001).

## I.

The state initially argues the seven-day period in Minn. R.Crim. P. 17.06, subd. 4(3), does not apply to bar the second amended complaint because the defect in the original complaint was noncurable. Minn. R.Crim. P. 17.06, subd. 4(3), provides:

> If [a] dismissal is * * * for a defect that could be cured or avoided by an amended * * * complaint, further prosecution for the same offense shall not be barred, and the court shall on motion of the prosecuting attorney, made within seven (7) days after notice of the entry of the order granting the motion to dismiss, order that defendant's bail * * * be continued * * * pending an amended * * * complaint.

■ The state must file an amended complaint rectifying a curable defect within seven days after the order dismissing the complaint. *Id.; State v. Pettee*, 538 N.W.2d 126, 131 (Minn.1995) ("The state

satisfies [the seven-day period] either by *moving* for a continuance of the stay or by *filing* a new or amended * * * complaint within that seven-day period." (citations omitted)); *State v. Kivi*, 554 N.W.2d 97, 102 (Minn.App.1996), *review denied* (Minn. Dec. 17, 1996). Unless the state files an amended complaint rectifying the curable defect or moves for a continuance within seven days, "the defendant shall be discharged and further prosecution for the same offense shall be barred." Minn. R.Crim. P. 17.06, subd. 4(3).

■ Minn. R.Crim. P. 17.06, subd. 4(3), however, only applies when a district court dismisses a complaint for a curable defect:

> Rule 17.06, subd. 4(3), does not govern dismissals for defects that could not be cured at the time of dismissal by a new or amended complaint·* * *. Therefore, when a complaint * * * has been dismissed because of insufficient evidence to establish probable cause, the prosecutor may re-prosecute if further evidence is later discovered to establish probable cause.

Minn. R.Crim. P. 17.06 cmt. Thus, further prosecution is not barred if "the dismissal was for insufficient probable cause then available and sufficient evidence to establish probable cause is later discovered." *State v. Viergutz*, 288 N.W.2d 693, 697 (Minn.1980); *cf. State v. Aubol*, 309 Minn. 323, 330, 244 N.W.2d 636, 640 (1976) (per curiam) (where prosecutor voluntarily dismisses an indictment for insufficient probable cause, "future prosecution of the defendant [is not] barred if additional evidence is found which would support an indictment" (citation omitted)).

■ The seven-day period in Minn. R.Crim. P. 17.06, subd. 4(3), therefore applies

> where the original complaint was dismissed, not because evidence to estab-

lish probable cause was not available to the prosecutor, but because the prosecutor failed to refer to the evidence in the complaint.

*Viergutz,* 288 N.W.2d at 696. Consequently, where the additional evidence was available when the state filed its "original complaint and it was only through inadvertence that the prosecutor did not mention it in the [original] complaint," the seven-day period applies. *Id.*

■ We conclude the district court dismissed the charge of fourth-degree criminal sexual conduct based on a curable defect because the record indicates the additional information alleged in the subsequent amended complaints was available to the prosecutor at the time the original complaint was filed. It was only through the prosecution's apparent inadvertence that the additional information was not mentioned in the original complaint.

At the March 19 probable cause hearing, the court questioned the sufficiency of the facts alleged in the complaint as establishing that the sexual contact was accomplished using "force" as defined by statute. The prosecutor noted that, in reviewing the police report prepared after the incident, the victim stated in the report that she needed to push respondent away to stop the sexual contact. The prosecutor claimed that those supplemental facts, in conjunction with the allegations in the complaint, established probable cause on

the issue of force. The prosecution, therefore, admitted at the March 19 probable cause hearing that there were additional facts then available that related to the use of force during the incident that were not alleged in the original complaint. At the April 5 hearing, however, respondent's counsel suggested that the second amended complaint was apparently prepared after the prosecution telephoned the victim on March 28. But there is no evidence in the record that this conversation revealed any "later discovered" evidence to support probable cause.

## II.

■ The state also argues that the filing of the first amended complaint on March 22 satisfied the seven-day period, although it acknowledges the district court did not review that complaint at the March 29 or April 5 probable cause hearings. According to the state, Minn. R.Crim. P. 3.04[1] permitted it to further amend the first amended complaint on March 29. Respondent, however, contends that the state neither asked the court to review the first amended complaint at the April 5 hearing, nor argued that the first amended complaint satisfied or otherwise tolled the seven-day period.

The record indicates the state filed its first amended complaint on March 22 and this complaint merely added an allegation that the victim believed respondent "in-

1. Minn. R.Crim. P. 3.04, subd. 2, provides that pretrial proceedings may be continued to allow the state to file a new complaint, provided that the prosecution moves for a continuance on the grounds that (1) the original complaint does not properly describe or name the defendant or the offense charged; or (2) based on the evidence presented at the pretrial proceeding, it appears that probable cause exists to believe that the defendant has also committed additional offenses and the prosecution intends to charge the defendant

with these offenses. *See generally State v. Doeden,* 309 Minn. 544, 546–47, 245 N.W.2d 233, 234 (1976) (per curiam); *State v. Mickelson,* 378 N.W.2d 17, 20 (Minn.App.1985) ("Under Minn. R.Crim. P. 3.04, subd. 2, a new complaint may be filed during pretrial proceedings." (citations omitted)), *review denied* (Minn. Jan. 23, 1986). "If the proceedings are continued, the new complaint shall be filed and process issued * * * as soon as possible." Minn. R.Crim. P. 3.04, subd. 2.

tended to rape" her as opposed to the allegation in the original complaint that the victim believed respondent "intended to do more to her." At the April 5 hearing, the parties admitted that they were unsure about what effect the first amended complaint had on the seven-day period; but the parties agreed that the second amended complaint, with its significantly amended probable cause section, was the only complaint before the court.[2] Therefore, the dispositive question is whether the first amended complaint satisfied or otherwise tolled the seven-day period merely by being filed within the seven-day period.

As an initial matter, we agree with the state's contention that the act of filing an amended complaint satisfies the filing requirement in Minn. R.Crim. P. 17.06, subd. 4(3). *Pettee*, 538 N.W.2d at 131 (stating that the state satisfies the rule by moving for a continuance or *filing* an amended complaint within seven days); *Kivi*, 554 N.W.2d at 102.

We reject, however, the state's argument that the act of filing an amended complaint within the seven-day period permits it to further amend that complaint outside the seven-day period, and then proffer the second amended complaint for a district court's probable cause review. One of the purposes of the rule requiring the state to rectify a curable probable cause defect within seven days is to permit the state to keep a defendant in custody, if

applicable. *See* Minn. R.Crim. P. 17.06, subd. 4(3) (stating that during the seven-day period, "dismissal of the indictment or complaint shall be stayed"); *Viergutz*, 288 N.W.2d at 697 ("The idea behind the rule is that a defendant who is in custody will normally be kept in custody at least for 7 days following a dismissal of a prosecution against him on the basis of a defect in the complaint which is curable.").[3]

If we were to adopt the state's position, a prosecutor could minimally amend a dismissed complaint (or theoretically re-file a dismissed complaint) within seven days to satisfy the seven-day period, and then rectify the remaining curable probable cause defect by filing yet another amended complaint, using Minn. R.Crim. P. 3.04, outside the seven-day period. Under such a rule, the state could potentially keep a defendant in custody for more than seven days even if the prosecution has not taken any steps to rectify the curable probable cause defect by alleging facts in an amended complaint that were known to the prosecution when it filed the original complaint.

█ We therefore conclude that, under Minn. R.Crim. P. 17.06, subd. 4(3), when a district court dismisses a complaint for a curable probable cause defect, the state may only proffer, for a later determination of probable cause, an amended complaint or complaints filed within seven days after the original dismissal.

---

2. It is undisputed that the state never asked the district court to review the first amended complaint at the April 5 hearing, there are no orders with respect to the first amended complaint, and there is no record for this court to review relating to the sufficiency of the first amended complaint.

3. Here, respondent apparently remained in custody because the state also charged him with failing to register as a predatory sex offender. Respondent notes, however, that if

the state had conceded that the original complaint suffered from a noncurable defect, the effect would have been a dismissal of the charge of fourth-degree criminal sexual conduct and his release from custody on bail conditions related to the charge of failing to register as a predatory sex offender. There is no indication in the record, however, that the district court would have released respondent from custody on that charge.

■ Because the first amended complaint was the only complaint filed within the seven-day period, we affirm the district court's dismissal of the second amended complaint, and remand this case to the district court for the court to consider the sufficiency of the first amended complaint under applicable law.[4]

## DECISION

The district court dismissed the charge of fourth-degree criminal sexual conduct against respondent based on a curable probable cause defect because the additional facts alleged in the subsequent amended complaints were available to the state at the time it filed the original complaint. Under Minn. R.Crim. P. 17.06, subd. 4(3), the district court properly dismissed the second amended complaint because it was not filed within the seven-day period mandated by the rule. Because the district court did not review the first amended complaint, the only amended complaint filed with the seven-day period, we remand for consideration of the first amended complaint under applicable law.

**Affirmed in part and remanded.**

---

4. We take no position on whether the first amended complaint established probable cause of respondent's use of force to accomplish the sexual contact. We note, however, that the supreme court has held that "sudden and painful grabbing and pinching of [a] victim's breast is sufficient use of force to accomplish sexual contact to" constitute fourth-degree criminal sexual conduct. *In re Welfare of D.L.K.,* 381 N.W.2d 435, 438 (Minn.1986). Thus, when a person "inflicts bodily harm or pain or the threat thereof on another while accomplishing sexual contact," that person is guilty of fourth-degree criminal sexual conduct and there is no need to show that the victim resisted the person. *Id.* at 438, 439; *see also State v. Middleton,* 386 N.W.2d 226, 230 (Minn.1986) (stating that "[t]he coercion required by the statute need not precede or be separate from the sexual contact"); *State v. Brouillette,* 286 N.W.2d 702, 706 (Minn.1979) (stating that a person acts with "force" when he grabs the victim by the shoulders, grabs her buttocks and vaginal area, and the victim fears that "anything could happen").