STATE OF MINNESOTA

IN SUPREME COURT

A24-0182

Court of Appeals                                                    Gaïtas, J.

State of Minnesota,

          Respondent,

vs.                                                          Filed: July 9, 2025
                                                        Office of Appellate Courts
Clifford Robert Letourneau, III,

          Appellant.

_____

Keith M. Ellison, Attorney General, Saint Paul, Minnesota; and

Donald F. Ryan, Crow Wing County Attorney, Kelsey A. Hopps, Assistant County Attorney, Brainerd, Minnesota; and

Travis J. Smith, Special Assistant County Attorney, Slayton, Minnesota, for respondent.

Anders J. Erickson, Johnson Erickson Criminal Defense, Minneapolis, Minnesota, for appellant.

_____

S Y L L A B U S

A person commits first-degree criminal sexual conduct under Minnesota Statutes section 609.342, subdivision 1(d) (2024), if the person engages in nonconsensual sexual penetration and "uses force"—i.e., inflicts bodily harm—before or during that act.

Affirmed.

## OPINION

GAÏTAS, Justice.

In this pretrial appeal we consider the meaning of the phrase "uses force" in the first-degree criminal sexual conduct statute, Minnesota Statutes section 609.342, subdivision 1(d) (2024). Respondent State of Minnesota charged appellant Clifford Robert Letourneau, III, with first-degree criminal sexual conduct in violation of that provision, which criminalizes nonconsensual sexual penetration when "the actor uses force as defined in section 609.341, subdivision 3, clause (1)." The cross-referenced statute, in turn, defines "force" as "the infliction by the actor of bodily harm." Minn. Stat. § 609.341, subd. 3(1) (2024). The district court granted Letourneau's motion to dismiss the charge for lack of probable cause, concluding that the complaint failed to allege facts showing that Letourneau used force to accomplish the act of sexual penetration. The court of appeals reversed and remanded, interpreting the statute to require the use of force in conjunction with sexual penetration, and not as a means to accomplish the act of penetration. We granted Letourneau's petition for review. Because we conclude that the plain language of section 609.342, subdivision 1(d) criminalizes nonconsensual sexual penetration when the actor uses force either before or during the act, we affirm.

2

**FACTS**

The State charged Letourneau with first-degree criminal sexual conduct in violation of Minnesota Statutes section 609.342, subdivision 1(d),[1] which criminalizes nonconsensual penetration when "the actor uses force as defined in section 609.341, subdivision 3, clause (1)." "Force," under the cross-referenced statute, is defined as "the infliction by the actor of bodily harm." Minn. Stat. § 609.341, subd. 3(1). The parties stipulated to the record,[2] which established the following allegations in support of probable cause: On the weekend of November 18, 2022, Letourneau arrived at K.L.'s home. Later that evening, Letourneau approached K.L. and, without consent, inserted his penis into her vagina. K.L. started to cry. K.L. later told an investigator that, after Letourneau started sexually assaulting her, she started bleeding from her vagina. K.L. stated that this occurred because Letourneau's assault had ripped her vagina. Based on these allegations, the complaint alleged that Letourneau "did unlawfully and wrongfully engage in sexual penetration with K.L. and used force by the infliction of bodily harm."

Letourneau moved to dismiss the first-degree criminal sexual conduct charge for lack of probable cause, asserting that the allegations in the complaint "do not claim that [Letourneau] inflicted bodily harm." The State opposed the motion. It argued that K.L.'s

---

[1]     The State also charged Letourneau with two other counts, involving a different complainant, that are not at issue in this appeal:  third-degree criminal sexual conduct in violation of Minnesota Statutes section 609.344, subdivision 1(b) (2024), and incest in violation of Minnesota Statutes section 609.365 (2024).

[2]     The record includes a video recording and transcript of an investigator's interview with K.L., during which K.L. made statements that mirror K.L.'s statements alleged in the complaint.

report established the infliction of bodily harm on K.L. by Letourneau. After a hearing, the district court asked for supplemental briefing on Letourneau's motion. In its memorandum accompanying the briefing order, the district court identified an issue of statutory interpretation: whether section 609.342 subdivision 1(d) requires the actor to use force *to accomplish* the act of nonconsensual sexual penetration. The district court noted that other subdivisions of section 609.342 included the requirement that the actor use force "to accomplish the act" or to "cause the complainant to submit." *See* Minn. Stat. § 609.342, subd. 1(c)(i) (2024) (actor causes personal injury and uses coercion "to accomplish the act"); Minn. Stat. § 609.342, subd. 1(e)(i) (2024) (actor is aided and abetted by one or more accomplices and actor or accomplice uses force or coercion "to cause the complainant to submit"). And the district court stated that it was "leaning toward concluding that the Legislature simply inadvertently failed to include a phrase like, 'to accomplish the act', in connection with the term 'force' when it defined [section 609.342, subdivision 1(d)]."

Letourneau submitted a supplemental filing stating that he "agree[d] with the logic as outlined in [the district court's] order." The State responded that section 609.342, subdivision 1(d), unlike section 609.342, subdivision 1(c), does not require an actor to use force to accomplish the act of penetration. According to the State, the allegations of physical injury to K.L. were sufficient to satisfy the element of bodily harm. The State also noted that the Legislature amended section 609.342 in 2021, removing the "to accomplish the act" language from the "force" provision of the statute. *See* Act of June 30, 2021, ch. 11, art. 4, § 16, 2021 Minn. Laws 1st Spec. Sess. 1947, 2038–39 (codified at

Minn. Stat. § 609.342, subd. 1(d) (2024)). Given that change, the State argued, it was not required to prove that Letourneau used force to accomplish the act of sexual penetration.

Following supplemental briefing, the district court granted Letourneau's motion to dismiss the first-degree criminal sexual conduct charge in the complaint. It concluded that, to convict under section 609.342, subdivision 1(d), the State must prove that a defendant used force to accomplish nonconsensual sexual penetration. The district court's analysis relied on the pattern jury instruction for the offense, which requires proof that " 'the Defendant used "force" to accomplish the act [of penetration].' " *See* 10 Minn. Dist. Judges Ass'n, *Minnesota Practice—Jury Instruction Guides, Criminal*, CRIMJIG 12.05 (7th ed. 2023–2024).

In a pretrial appeal to the court of appeals, the State challenged the dismissal of the charge, arguing that the district court erred by determining that section 609.342, subdivision 1(d), requires the State to prove that a defendant used force to accomplish an alleged act of nonconsensual sexual penetration. *State v. Letourneau*, No. A24-0182, 2024 WL 3878881, at *3 (Minn. App. Aug. 19, 2024). The State contended that the plain language of the statute did not support the district court's interpretation of the statute. Letourneau argued to the court of appeals that the statute plainly requires the State to prove that a defendant "uses the infliction of bodily harm" *before* "doing the act that the infliction of bodily harm is used for."

The court of appeals determined that the word "uses" in section 609.342, subdivision 1(d), is ambiguous. *Letourneau*, 2024 WL 3878881, at *4. Then, applying the canon of "contemporaneous legislative history" and relying on the Legislature's 2021

5

amendments to section 609.342, the court of appeals observed that the Legislature's intent was clear:  the State does not have to prove that "the actor used force to accomplish the act of penetration" and need only prove that the actor used force.  *Id.* at *5–6.  The court of appeals concluded that the State's complaint alleged sufficient facts to show that Letourneau used force during the sexual penetration.  *Id.* at *7.  It therefore reversed the district court's dismissal of the first-degree criminal sexual conduct charge against Letourneau.  *Id.*

We granted Letourneau's petition for review.

## ANALYSIS

This pretrial appeal[3] requires us to interpret the meaning of the phrase "uses force" in Minnesota Statutes section 609.342, subdivision 1(d), which criminalizes nonconsensual

---

[3]  Neither party disputes this court's jurisdiction over this appeal, and we agree that we have jurisdiction.  *Kingbird v. State*, 973 N.W.2d 633, 637 (Minn. 2022) (noting that subject-matter jurisdiction is "a threshold issue that we [may] raise sua sponte").  Although the State's ability to appeal a district court's pretrial dismissal of a charge or complaint for lack of probable cause is limited, it "may appeal as of right . . . from any pretrial order, including probable cause dismissal orders based on questions of law."  Minn. R. Crim. P. 28.04, subd. 1(1).  However, in such appeals, the State must also show that the alleged error will "have a critical impact on the outcome of the trial."  Minn. R. Crim. P. 28.04, subd. 2(2)(b).  We view "critical impact" as a "threshold issue" and will not review a pretrial order without such a showing.  *State v. Underdahl*, 767 N.W.2d 677, 681 (Minn. 2009); *State v. Zais*, 805 N.W.2d 32, 36 (Minn. 2011) (noting that the State has the burden of showing critical impact).  Here, the district court's dismissal of the first-degree criminal sexual conduct charge is based solely on a question of law—the interpretation of "uses force" in subdivision 1(d).  And because the district court dismissed the charge, the State has satisfied its burden to establish critical impact.  *Underdahl*, 767 N.W.2d at 684 (stating that dismissal of a charge has a critical impact on the prosecution's case even if other charges remain).  We accordingly conclude that this pretrial appeal is properly before us.

sexual penetration when "the actor uses force as defined in section 609.341, subdivision 3, clause (1)."[4] It is undisputed that the word "force," as it applies here, is defined in section 609.341, subdivision 3(1) as "the infliction by the actor of bodily harm." The issue before us is what the phrase "uses force" means: Specifically, what must the *purpose* of the force be, and *when* must the force be used? Letourneau contends that the phrase "uses force" means that a defendant must use force *prior to and in order to accomplish the act of sexual penetration*.[5] On the other hand, the State argues that the phrase is broad enough to include situations where a defendant uses force *during* the act of sexual penetration.

To decide this issue, we first identify the rules of statutory interpretation and the language of section 609.342, subdivision 1(d). Because "force" is already defined by the

---

[4]    Section 609.342, subdivision 1(d) states:

Subdivision 1. Adult victim; crime defined. A person who engages in sexual penetration with another person is guilty of criminal sexual conduct in the first degree if any of the following circumstances exists:
. . .
(d) the actor uses force as defined in section 609.341, subdivision 3, clause (1).

Section 609.341, subdivision 3(1) states: " 'Force' means . . . : (1) the infliction by the actor of bodily harm[.]" The requirement that the act be nonconsensual is contained within the statutory definition of "sexual penetration." Minn. Stat. § 609.341, subd. 12 (2024) (" 'Sexual penetration' means any of the following acts committed without the complainant's consent . . . .").

[5]    Initially, Letourneau's argument appeared to be that the Legislature's use of the transitive verb "uses" requires an existing object—the infliction of bodily harm—to take place before that infliction of bodily harm can be "used." In other words, Letourneau contended that the use of force must necessarily occur before the sexual penetration and cannot occur during, or because of, the sexual penetration. At oral argument, however, Letourneau's position appeared to shift. As explained below, however, neither of these arguments is reasonable in light of the plain language of the statute.

7

statute, we next consider the meaning of the term "uses," before then considering whether the combination of the words "uses" and "force" creates a requirement that any force precede the act of sexual penetration. Lastly, we apply the meaning of the phrase to the allegations in this case.

A.

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16 (2024); *see also State v. Robinson*, 921 N.W.2d 755, 758 (Minn. 2019). Statutory interpretation presents a question of law, which we review de novo—without deference to the lower courts. *Roberts v. State*, 945 N.W.2d 850, 853 (Minn. 2020).

The first step in interpreting a statute is to determine whether the language of the statute is ambiguous. *State v. Degroot*, 946 N.W.2d 354, 360 (Minn. 2020). "Statutory language is ambiguous only if, as applied to the facts of the particular case, it is susceptible to more than one reasonable interpretation." *Dupey v. State*, 868 N.W.2d 36, 39 (Minn. 2015). If a statute is unambiguous, we enforce the plain meaning of its language. *Id.*

Here, the parties dispute the plain meaning of the phrase "uses force" in section 609.342, subdivision 1(d). When interpreting a statute, we "give words and phrases their plain and ordinary meaning." *State v. Hayes*, 826 N.W.2d 799, 803 (Minn. 2013). To determine the plain meaning, we look to the text and textual context of the statute. *See State v. Pakhnyuk*, 926 N.W.2d 914, 920 (Minn. 2019). We read "the statute as a whole and favor an interpretation that gives each word or phrase in a statute a distinct, not an

8

identical, meaning." *State v. Friese*, 959 N.W.2d 205, 210 (Minn. 2021) (citations omitted) (internal quotation marks omitted). Among the textual clues we consider in determining the meaning of the words of a statute are dictionary definitions. *See State v. Beganovic*, 991 N.W.2d 638, 643 (Minn. 2023) (stating that this court "may consult dictionary definitions as part of th[e] inquiry" into a statute's plain meaning); *see also Hagen v. Steven Scott Mgmt., Inc.*, 963 N.W.2d 164, 170 (Minn. 2021) ("The canons of interpretation include the ordinary-meaning canon, the whole-statute canon, and the canon against surplusage." (citations omitted)). Guided by these principles, we turn to the language of the statute.

Section 609.342, subdivision 1, concerns criminal acts of sexual penetration committed against adult victims. It first states that "[a] person who engages in sexual penetration[6] with another person is guilty of criminal sexual conduct in the first degree if any of the following circumstances exists." Minn. Stat. § 609.342, subd. 1 (2024). Then, subdivision 1 lists various "circumstances," including the circumstance alleged here: that "the actor uses force as defined in section 609.341, subdivision 3, clause (1)." Minn. Stat. § 609.342, subd. 1(d).

Force, as defined in section 609.341, subdivision 3, clause (1), is "the infliction by the actor of bodily harm." "Bodily harm," in turn, is defined by criminal statutes as

---

[6]     "Sexual penetration" is defined to encompass several acts, including "sexual intercourse" or "any intrusion however slight into the genital or anal openings," which are "committed without the complainant's consent, except in those cases where consent is not a defense, whether or not emission of semen occurs[.]" Minn. Stat. § 609.341, subd. 12 (2024).

"physical pain or injury, illness, or any impairment of physical condition." Minn. Stat. § 609.02, subd. 7 (2024); *see also Wayzata Nissan, LLC v. Nissan N. Am., Inc.*, 875 N.W.2d 279, 286 (Minn. 2016) ("When a word is defined in a statute, we are guided by the definition provided by the Legislature."). Accordingly, the statute criminalizes nonconsensual sexual penetration when the actor inflicts physical pain or injury, illness, or any impairment of physical condition.

The term "uses" is not defined in the criminal sexual conduct statutes or in the general criminal statutes. We next consider the meaning of "uses" in the context of section 609.342, subdivision 1(d).

## B.

Both Letourneau and the State ask us to utilize a dictionary definition of the word "uses." Letourneau argues that the relevant dictionary definition of "uses" is "to put into service or employ for a purpose" or "to put into action or service."[7] The State contends that we should define "uses" to mean "to put into service," "to avail oneself of," or "employ."[8]

We observe that both parties agree that the word means "to put into service" or "to employ." However, Letourneau advances an interpretation that includes additional

---

[7] Letourneau relies on two online dictionaries, *The American Heritage Dictionary of the English Language*, https://ahdictionary.com/word/search.html?q=use (last visited Apr. 17, 2025), and *Merriam-Webster Online Dictionary*, https://www.merriam-webster.com/dictionary/use.

[8] The State cites *The American Heritage Dictionary of the English Language* 1907 (5th ed. 2011), and *Webster's Third New International Dictionary* 2523 (2002).

language:  "for a purpose."  In this context, Letourneau argues that "uses" means "to put into service" or "to employ" *for the purpose* of engaging in sexual penetration.[9]

The State points out that Letourneau's inclusion of the additional language "for the purpose of" would call into question the Legislature's use of other language in subdivision 1.  It points to subdivision 1(b), which prohibits sexual penetration where "the actor is armed with a dangerous weapon or any article used or fashioned in a manner to lead the complainant to reasonably believe it to be a dangerous weapon and uses or threatens to use the weapon or article *to cause the complainant to submit*."  Minn. Stat. § 609.342, subd. 1(b) (emphasis added).  Similarly, when an actor is aided and abetted by one or more accomplices, sexual penetration is unlawful under subdivision 1(e)(i) and (ii)

---

[9]     We have consistently held that our criminal sexual conduct statutes do not require the State to prove that a defendant used extrinsic force—that is, force beyond the force inherent in a nonconsensual sexual act.  *See*, *e.g.*, *State v. Mattson*, 376 N.W.2d 413, 415 (Minn. 1985) (concluding that evidence that the defendant grabbed the victim's breast and caused pain and bruising was sufficient to support his conviction under Minnesota Statutes section 609.343(e)(i) (1984), prohibiting sexual contact where the defendant used force or coercion and caused personal injury to the victim); *In re Welfare of D.L.K.*, 381 N.W.2d 435, 437–38 (Minn. 1986) (rejecting an interpretation of " 'uses force . . . to accomplish the sexual contact' " under Minnesota Statutes section 609.345(c) (1984) that required a precedent act of force and stating that "the requirement of force in section 609.345(c) [is] satisfied when the actor inflicts bodily harm or pain or the threat thereof on another while accomplishing sexual contact"); *State v. Middleton*, 386 N.W.2d 226, 230 (Minn. 1986) (concluding that the coercion required by the phrase "uses force or coercion to accomplish the sexual contact" under Minnesota Statutes section 609.345(c) (1984) "need not precede or be separate from the sexual contact.  It is enough that the coercive words or conduct, and the fear they produce in the victim, are an aspect of, that is, they happen concurrently with, the sexual contact"); *cf.* 2 Wayne R. LaFave*, Substantive Criminal Law* § 17.3(a) (3d ed. 2018) (noting that an "extrinsic force" standard requires the use of force beyond the force inherent in the nonconsensual sexual act).  Given our precedent on this point, to the extent that Letourneau's argument can be construed as a claim that the use of force intrinsic in sexual penetration cannot also establish force under section 609.342, subdivision 1(d), we reject it.

11

when the actor or an accomplice "*uses force or coercion to cause the complainant to submit*" or uses or threatens to use a dangerous weapon or similar article "*to cause the complainant to submit*." Minn. Stat. § 609.342, subd. 1(e)(i), (ii) (emphasis added). And the State observes that subdivision 1(c)(i) prohibits sexual penetration when the "actor *uses coercion to accomplish the act*." Minn. Stat. § 609.342, subd. 1(c)(i) (emphasis added). According to the State, if the Legislature had intended to prohibit the use of force "for the purpose of engaging in sexual penetration" in section 609.342, subdivision 1(d), it would have mirrored the language used in subdivision 1(b)—"to cause the complainant to submit." Thus, the State argues, "uses" must mean something else.

We are persuaded by this argument. In interpreting statutes, we do not "examine different provisions in isolation." *State v. Gaiovnik*, 794 N.W.2d 643, 647 (Minn. 2011). Rather, we read "[w]ords and sentences . . . in the light of their context." *Id.*; *see also State v. Bee*, 17 N.W.3d 150, 153–54 (Minn. 2025). We "interpret statutes to give effect to all parts and no word, phrase, or sentence will be held superfluous, void, or insignificant." *Roberts v. State*, 945 N.W.2d 850, 853 (Minn. 2020) (citation omitted) (internal quotation marks omitted). When a word has two definitions, but one would create redundancy in the statute, we have rejected that definition of the word. *Bd. of Regents of Univ. of Minn. v. Royal Ins. Co. of Am.*, 517 N.W.2d 888, 892 (Minn. 1994). Section 609.342, subdivision 1, clearly prohibits some acts—using a weapon, using coercion, and using force when aided and abetted by an accomplice—that *cause* a complainant to submit to sexual penetration. But adopting Letourneau's proposed interpretation of "uses" for subdivision 1(d), which does not include the phrase "to cause the complainant to submit,"

would render the language in subdivision 1(b), (c)(i), (e)(i), and (e)(ii), superfluous. *Roberts*, 945 N.W.2d at 853; *see also State v. Thompson*, 950 N.W.2d 65, 69 (Minn. 2020) (stating that the canon against surplusage instructs us to "avoid interpretations that would render a word or phrase superfluous, void, or insignificant, thereby ensuring each word in a statute is given effect").

Additionally, we note that in the context of the first-degree criminal sexual conduct statute, the phrases "to cause the complainant to submit" and "to accomplish the act" are phrases of limitation. Minn. Stat. § 609.342, subd. 1(b),(c)(i), (e)(i), and (e)(ii). But there is no such limiting phrase in subdivision 1(d). This is significant because, "[w]hen the Legislature uses limiting or modifying language in one part of a statute, but omits it in another, we regard that omission as intentional and will not add those same words of limitation or modification to parts of the statute where they were not used." *State v. Schwartz,* 957 N.W.2d 414, 419 (Minn. 2021).

Because Letourneau's proposed definition of the word "uses"—to put into service or to employ *for the purpose of accomplishing sexual penetration*—is clearly inconsistent with other provisions of the first-degree criminal sexual conduct statute, we reject it as unreasonable. The only reasonable interpretation of "uses" in the context of section 609.342, subdivision 1(d), is the State's proposed interpretation—"to put into service" or "to employ."

We next consider the meaning of the words "uses" and "force" together. Specifically, we address whether the combination of these words creates a requirement that any force must precede the act of sexual penetration.

13

## C.

Letourneau argues that placing the words "uses" and "force" (which is statutorily defined as "the infliction of bodily harm") in their proper grammatical context shows that section 609.342, subdivision 1(d), requires proof that an actor inflicted bodily harm *before* committing the act that the infliction of bodily harm was used for. Stated otherwise, Letourneau's argument is that the logical result of the combination of these two words is that bodily harm is inflicted and is then "used" to commit the act of sexual penetration.

We disagree. The meaning of the phrase "uses force" in subdivision 1(d) must be considered in the context of what "uses force" is establishing: a "circumstance." Minn. Stat. § 609.342, subd. 1 ("A person who engages in sexual penetration with another person is guilty of criminal sexual conduct in the first degree if any of the following *circumstances* exists: . . . ."); *Gaiovnik*, 794 N.W.2d at 647 (stating that we read words of a statute "in the light of their context"). A "circumstance" is defined as "a specific part, phase, or attribute of the surrounding or background of an event, fact, or thing or of the prevailing conditions in which it exists or takes place: a condition, fact, or *event accompanying, conditioning, or determining another*: an adjunct or concomitant that is present or logically likely to be present." *Webster's Third New International Dictionary* 410 (2002) (emphasis added). If the actor's use of force in section 609.342, subdivision 1(d), is an "event accompanying, conditioning or determining" the sexual penetration, the plain language of the statute penalizes the use of force both before ("conditioning or determining") and during ("accompanying") the sexual penetration.

14

Letourneau argues that interpreting "uses force" in section 609.342, subdivision 1(d) to include the infliction of bodily harm both before and during the act of sexual penetration would render section 609.342, subdivision 1(c), superfluous. Subdivision 1(c) criminalizes sexual penetration accompanied by acts causing "personal injury."[10] We are unconvinced by that argument because it fails to recognize two important distinctions between subdivision 1(c) and subdivision 1(d).

First, subdivision 1(c) does not involve the same kind of "force" as subdivision 1(d). As previously explained, section 609.342, subdivision 1(d), requires that "[t]he actor uses force as defined in section 609.341, subdivision 3, clause (1)." And clause 1 defines force as "the infliction by the actor of bodily harm." Minn. Stat. § 609.341, subd. 3(1). On the other hand, section 609.342, subdivision 1(c), requires both that the actor "cause[] personal injury" and the existence of one of the attendant circumstances specified in section 609.342, subdivision 1(c)(i)–(iii). Minn. Stat. § 609.342, subd. 1(c)(i)–(iii). But none of those attendant circumstances involves force as defined in section 609.341, subdivision 3, clause (1). Rather, section 609.342, subdivision 1(c)(ii), requires *both* that the actor causes "personal injury" and that "the actor uses force, as defined in section 609.341,

_____

[10] Section 609.342, subdivision 1(c) states that "[a] person who engages in sexual penetration with another person" commits first-degree criminal sexual conduct if:

> (c) the actor causes personal injury to the complainant, and any of the following circumstances exist:
> (i) the actor uses coercion to accomplish the act;
> (ii) the actor uses force, as defined in section 609.341, subdivision 3, clause (2); or
> (iii) the actor knows or has reason to know that the complainant is mentally impaired, mentally incapacitated, or physically helpless[.]

15

subdivision 3, *clause (2)*." Minn. Stat. § 609.342, subd. 1(c)(ii) (emphasis added). Clause 2 defines force as "the attempted infliction, or threatened infliction by the actor of bodily harm or commission or threat of any other crime by the actor against the complainant or another, which causes the complainant to reasonably believe that the actor has the present ability to execute the threat." Minn. Stat. § 609.341, subd. 3(2) (2024). In other words, "force," when required under subdivision 1(c), is of a different character than the "force" required by subdivision 1(d).

Second, the definition of "personal injury" referenced in section 609.342, subdivision 1(c), is more expansive than the definition of "bodily harm" as referenced in section 609.342, subdivision 1(d). "Personal injury" for the purpose of section 609.342, subdivision 1(c), "means bodily harm as defined in section 609.02, subdivision 7, or severe mental anguish or pregnancy." Minn. Stat. § 609.341, subd. 8 (2024). Although the definition of "force" in section 609.342, subdivision 1(d), also references "bodily harm," it does not include "severe mental anguish or pregnancy."

Taken together, section 609.342, subdivision 1(c)(ii), contemplates duress-type force—the attempt to inflict bodily harm or threats of bodily harm or another crime—and a broad array of resulting harm, including bodily harm, severe mental anguish, or pregnancy. *See* Minn. Stat. § 609.341, subd. 8 (defining "[p]ersonal injury"). But section 609.342, subdivision 1(d), *only* contemplates assaultive physical force—"the infliction by the actor of bodily harm" and the resulting "physical pain or injury, illness, or any impairment of physical condition." *See* Minn. Stat. § 609.02, subd. 7 (defining "[b]odily harm" as "physical pain or injury, illness, or any impairment of physical condition").

16

Because section 609.342, subdivision 1(c) criminalizes a different type of "force" and a broader array of resulting harm than subdivision 1(d), our interpretation of "uses force" in section 609.342, subdivision 1(d) does not render section 609.342, subdivision 1(c), superfluous.

For these reasons, we conclude that section 609.342, subdivision 1(d) unambiguously criminalizes the use of force either before or during nonconsensual sexual penetration. Because "the Legislature's intent is clear from the statute's plain and unambiguous language," we "interpret the statute according to its plain meaning without resorting to the canons of statutory construction." *State v. Struzyk*, 869 N.W.2d 280, 284–85 (Minn. 2015).[11]

D.

Having resolved the issue of statutory interpretation, we must determine whether the State offered sufficient evidence to show probable cause that Letourneau used force either before or during nonconsensual sexual penetration. Probable cause for a charge exists where facts submitted to the district court show a reasonable probability that the person committed the crime. *State v. Lopez*, 778 N.W.2d 700, 703 (Minn. 2010). When a district court dismisses a charge for lack of probable cause based on a legal determination,

---

[11] Because the meaning of the statute can be determined from the canons of interpretation, we do not reach Letourneau's argument that the rule of lenity favors his interpretation. *See State v. Thonesavanh*, 904 N.W.2d 432, 440 (Minn. 2017) ("[T]he rule of lenity is a canon of last resort, applicable only when, after consulting traditional canons of statutory construction, we are left with an ambiguous statute." (citation omitted) (internal quotation marks omitted)).

we review the district court's decision de novo. *State v. Dixon*, 981 N.W.2d 387, 392 (Minn. 2022).

Here, the facts alleged in the complaint include K.L.'s allegations that, after Letourneau sexually penetrated her, she started bleeding from her vagina; that this occurred because Letourneau's assault had ripped her vagina; and that K.L. did not consent to sexual activity with Letourneau. In addition to the facts alleged in the complaint, the State submitted a video recording and transcript of an investigator's interview with K.L., during which K.L. made the same statements included in the complaint.

The facts alleged in the complaint and the State's supplemental evidence establish probable cause that Letourneau used force before or during his act of sexually penetrating K.L. without her consent. We therefore agree with the court of appeals that the district court erred in dismissing the charge of first-degree criminal sexual conduct under section 609.342, subdivision 1(d), for lack of probable cause.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the court of appeals.

Affirmed.